CC-2000-703                                             1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Residentes Colinas Metropolitanas, Inc.<br>    Peticionaria<br><br>            v.<br><br>Rubén L. Thillet Rivera; Jane Doe de Thillet y la Sociedad Legal de Gananciales entre ambos<br>    Recurridos | Certiorari<br><br>2002 TSPR 11<br><br>156 DPR \_\_\_\_ |

Número del Caso: CC-2000-703


Fecha: 1/febrero/2002


Tribunal de Circuito de Apelaciones:
                        Circuito Regional II


Juez Ponente:
                Hon. Hiram A. Sánchez Martínez


Abogados de la Parte Peticionaria:
                Lcdo. Anthony Borton
                Lcdo. José Rafael del Valle Rodríguez


Abogado de la Parte Recurida:
                Lcdo. José L. Rivera Rodríguez



Materia: Cobro de Dinero




        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residentes
Colinas Metropolitanas, Inc.

    Peticionaria

      v.

                                CC-2000-703

Rubén L. Thillet Rivera;
Jane Doe de Thillet y la
Sociedad Legal de Gananciales
entre ambos

    Recurridos

OPINIÓN DEL TRIBUNAL EMITIDA POR LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN

San Juan, Puerto Rico, a 1 de febrero de 2002

**Las controversias trabadas en el caso de autos nos brindan la oportunidad de aclarar ciertos aspectos procesales relacionados con los procedimientos sobre reclamaciones de cinco mil dólares ($5,000) o menos de la Regla 60 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III (en adelante Regla 60). A esos efectos, distinguiremos el proceso sumario de resolver controversias plasmado en la Regla 60 del procedimiento ordinario.**

I

El 10 de septiembre de 1997, la Asociación de Residentes Colinas Metropolitanas, Inc. (en adelante Asociación) radicó en el Tribunal de Primera Instancia una demanda en cobro de dinero bajo la Regla 60. Alegó que la parte demandada le adeudaba mil novecientos sesenta y seis dólares con veinticinco centavos ($1,966.25) por concepto de cuotas de mantenimiento.[1]

A continuación reseñaremos la trayectoria procesal un poco accidentada de este caso. La Secretaría del tribunal de instancia expidió la notificación-citación el 28 de octubre de 1997. En ésta le informó a la parte demandada que la vista en su fondo del caso estaba pautada para el 5 de diciembre. La notificación-citación fue remitida por el tribunal el 30 de octubre por correo ordinario a la dirección de la parte demandada. El servicio postal federal la devolvió con la indicación de que el destinatario no tenía buzón ("no mail receptable").

Al no haber sido notificado ni citado, el demandado, Sr. Thillet Rivera, no compareció el 5 de diciembre a la vista. El tribunal entonces procedió a hacer un nuevo señalamiento para el 23 de marzo de 1998, concediéndole a la Asociación quince (15) días para someter un proyecto de notificación-citación. Cinco (5) días antes de la vista, el 18 de marzo, el tribunal, motu proprio, dejó sin efecto el señalamiento y citó a todas las partes para una vista a celebrarse el 13 de abril de 1998. Este cambio tuvo como consecuencia el dejar sin efecto la orden del foro de instancia al demandante de someter un proyecto de notificación-citación. El tribunal envió por correo a todas las partes que aparecían en el epígrafe de la demanda, la notificación con el nuevo señalamiento.

---

[1] Solicitó además veintisiete dólares ($27) por costas y gastos y cuatrocientos noventa y un dólares con cincuenta y seis centavos ($491.56) por honorarios de abogado. Pidió también las cuotas acumuladas a razón de

Aparentemente por no haber recibido la notificación-citación, el Sr. Thillet Rivera tampoco compareció a la vista pautada para el 13 de abril. Ese mismo día, el tribunal señaló vista por cuarta vez para el 1ro de junio de 1998. También le ordenó a la Asociación someter un proyecto de notificación-citación y a la Secretaría a expedirla tan pronto fuera presentada por la parte demandante. Cuatro (4) días después de emitida la orden, el 17 de abril, la Asociación presentó el proyecto de notificación-citación. Sin embargo, para la fecha de la vista de 1ro. de junio, la Secretaría del tribunal aún no había efectuado la notificación-citación, por lo que la parte demandada tampoco compareció. Esto ocasionó el que se tuviera que señalar nuevamente la vista, esta vez para el 24 de agosto.

El 16 de junio la Secretaría expidió la notificación-citación presentada por la Asociación en abril. El 10 de agosto, a sólo catorce (14) días de la vista, ésta fue diligenciada mediante entrega personal a la parte demandada.[2] La parte demandada solicitó la desestimación de la demanda con perjuicio debido a que no se cumplió con el término de quince (15) días que establece la Regla 60 para la celebración de la vista en su fondo, contados éstos desde que se diligencia la notificación-citación.[3]

En la vista de 24 de agosto de 1998, el tribunal denegó la moción de desestimación y fijó fecha para la conferencia con antelación al juicio y la vista en su fondo. A pesar de que se le concedió a la parte demandada veinte (20) días para contestar la demanda, ésta no contestó hasta el 19 de febrero de 1999, prácticamente seis (6) meses después de lo ordenado por el tribunal. Finalmente, la vista se celebró el 15 de noviembre de 1999, y el 21 de enero de 2000, el tribunal dictó sentencia condenando a la parte

---

veinte dólares ($20) mensuales dejadas de pagar y hasta la satisfacción total de la sentencia que se dicte en su día.

[2] Surge de la copia del "Diligenciamiento por persona particular" que éste fue hecho por Eduardo Serrano.

[3] También basó su solicitud de desestimación en que, al no aparecer en la copia de la demanda la fecha de radicación, la misma fue firmada por el abogado el 6 de agosto de 1997, o sea, hacía más de un año. Alegó, además, que las alegaciones de la demanda indicaban una suma de dinero en exceso a lo provisto en la Regla 60.

demandada al pago de las cuotas de mantenimiento adeudadas a la Asociación, que para esa fecha ascendían a la cantidad de dos mil ciento cuarenta y cinco dólares ($2,145).

Luego que el foro de instancia denegara una moción de reconsideración y determinaciones adicionales de hecho y conclusiones de derecho presentada por la parte demandada, ésta acudió al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Dicho Tribunal revocó la sentencia del tribunal de instancia y desestimó, con perjuicio, la demanda presentada por la Asociación. Estimó que un demandante no quedaba "liberado de diligenciar una notificación-citación bajo la Regla 60 dentro del plazo de seis [6] meses, con sólo alegar que la Secretaría no hizo la notificación o se demoró demasiado, si no constan las gestiones de inteligencia hechas por la parte demandante para hacer que la Secretaría cursara en tiempo tal notificación-citación". En síntesis, el Tribunal de Circuito entendió que debía aplicar el término de seis (6) meses establecido en la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. App. III, (en adelante Regla 4.3(b)) para diligenciar el emplazamiento a la notificación-citación de la Regla 60. Razonó que como la demanda se presentó el 10 de septiembre de 1997 y la notificación-citación se diligenció el 10 de agosto de 1998, pasaron once (11) meses sin que la Asociación diligenciara la notificación-citación y, al no exponer razones que demostraran que existía justa causa para tal dilación, lo que procedía era desestimar la demanda.[4]

Inconforme, la Asociación acudió ante nos señalando, entre otros, los siguientes errores cometidos por el Tribunal de Circuito:

> (1) Incidió al interpretar, resolver y concluir que la notificación-citación contemplada en el procedimiento de la Regla 60 es equivalente al emplazamiento y que, por ende, el plazo de los seis (6) meses dispuesto en la Regla 4.3(b) para su diligenciamiento, no es incompatible con el carácter sumario especial de la Regla 60, por lo que le aplica como si se tratara de un trámite ordinario. Como secuela, el plazo para diligenciar

---

[4] La trayectoria procesal de este caso demuestra con meridiana claridad que la parte demandante actuó con diligencia. No se cruzó de brazos. Fueron varias las razones que impidieron que la parte demandada pudiese ser emplazada prontamente, ninguna atribuible a la parte demandante. Lo anteriormente relatado refleja que, aun si fuese de aplicación el término de seis (6) meses que establece la Regla 4.3(b), la parte demandante tuvo justa causa para la tardanza.

la referida notificación-citación se computa desde la fecha en que se presenta la demanda independientemente de que el tribunal de instancia hubiese dispuesto del señalamiento de la vista contemplada en el procedimiento de la Regla 60 más allá de los seis (6) meses desde la fecha de la radicación de la demanda.

(2) Incidió al concluir que no sólo procedía la desestimación por la aplicación de la Regla 4.3(b) de procedimiento civil, sino que, también, por la Regla 39.2(b) de Procedimiento Civil, al considerar, injustificada la supuesta inactividad por un periodo mayor a los seis (6) meses, imponiéndole a la peticionaria unos deberes ministeriales propios de las funciones de la Secretaría del tribunal.

Por estar íntimamente relacionados, discutiremos los dos señalamientos de error conjuntamente. Veamos.

II

El concepto procesal de la Regla 60 de Procedimiento Civil tuvo su origen en las cortes especializadas en reclamaciones pequeñas, que comenzaron en Massachussetts y California, y existen actualmente en los distintos sistemas judiciales estatales de Estados Unidos. Su propósito original era simplificar los procedimientos en causas de menor cuantía para así facilitar el acceso al proceso judicial del litigante pobre. Pérez Colón v. Cooperativa de Cafeteros, 103 D.P.R. 555, 558-559 (1975). Por lo tanto, la Regla 60 no provino, como la mayoría de nuestras Reglas de Procedimiento Civil, de las reglas de procedimiento civil federales. Ésta tiene su origen en la Ley Núm. 10 de 29 de abril de 1921 (en adelante Ley Núm. 10). Pérez Colón v. Cooperativa de Cafeteros, supra.

La Ley Núm. 10 limitaba la reclamación a cobro de dinero de cien dólares ($100) o menos, y el demandante sólo tenía que presentar un simple escrito en la corte municipal. Éste constituía la demanda. **El juez entonces dictaba una orden citando a las partes interesadas y notificándoles copia de dicho escrito y de su derecho a comparecer a una vista a celebrarse dentro del corto plazo de tres (3) días si el demandado residía dentro del distrito**

**municipal, y seis (6) días en los demás casos**. Si el demandado residía fuera de Puerto Rico se le citaba por edicto y el juicio se celebraba dentro de los cinco (5) días de la publicación del último edicto. Estas vistas se celebraban sin sujeción al calendario. La corte dictaba sentencia el mismo día del juicio o al día siguiente.

Los litigantes pagaban en costas sólo un dólar ($1.00) para un "sello de rentas", y aun esto podía obviarse mediante la presentación de una declaración jurada donde se justificase la imposibilidad de pagarla.

La actual Regla 60 fue enmendada en varias ocasiones a los efectos, entre otros, de incrementar el monto de las reclamaciones que se podían dilucidar bajo la misma y extender el término de notificación al demandado a, por lo menos, quince (15) días antes de la vista. La forma en que se podía notificar al demandado también sufrió algunos cambios. Así pues, en 1958 se permitía la notificación por correo, telégrafo o cualquier otro medio de comunicación escrita. En 1978, se cambió para que fuese por correo certificado con acuse de recibo. Un año después, cuando se adoptaron las actuales Reglas de Procedimiento Civil de 1979, se volvió al texto de correo, telégrafo u otro tipo de comunicación escrita. En 1988 se eliminó la mención del telégrafo. Como podrá observarse, actualmente no es necesario el acuse de recibo. Véase, Cuevas Segarra, *Tratado de Derecho Procesal Civil*, ed. 2000, pág. 1104.

Pese a las enmiendas sufridas, el propósito primordial de la Regla 60, plasmado ya desde el 1921 en la Ley Núm. 10, no ha sufrido cambio sustancial. La Regla 60 existe **para agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación.**

La Regla 60 establece sólo a grandes rasgos este procedimiento sumario, lo que ha tenido como consecuencia, el que se hayan generado variaciones entre y dentro de las distintas regiones judiciales del Tribunal de Primera Instancia. Resulta imperativo, pues, que se establezca un procedimiento

uniforme para la aplicación y funcionamiento de la Regla 60, para así darle mayor efectividad al propósito de justicia enmarcado en la misma.

## III

Debido a su origen y propósito, al procedimiento establecido en la Regla 60, le serán aplicables las reglas de procedimiento civil ordinario de forma supletoria y en tanto y en cuanto éstas sean compatibles con el procedimiento sumario establecido en dicha Regla.

La notificación al demandado bajo la Regla 60 se hace a través de una notificación-citación. Esto significa que, además de **notificarle** al demandado la reclamación en cobro de dinero presentada en su contra, por ese mismo medio se le **cita** para la vista en su fondo. Esta vista se hará sin sujeción al calendario. La Regla especifica que será el Secretario el que inmediatamente notifique y cite al demandado por correo o cualquier otro medio de comunicación por escrito. Claro está, para que el tribunal pueda expedir la notificación-citación, el demandante tiene que suministrar la dirección del demandado.

Cabe señalar que las diferentes regiones judiciales cuentan con formularios distintos de demanda para los casos que se tramitan bajo la Regla 60. Estos formularios están hechos de forma que el mismo pueda cumplimentarse fácilmente por derecho propio por el reclamante. Sin embargo, algunos de éstos no tienen un espacio para la dirección, tanto del demandado como del demandante, a pesar de que esta información es esencial para la tramitación del caso, ya que habilita el que la Secretaría pueda efectuar la notificación-citación al demandado y enviar copia de la citación al demandante.[5]

---

[5] Hay algunas regiones judiciales que tienen un formulario para la notificación-citación, que puede ser cumplimentado por la parte demandante al momento de presentar la demanda o después. Como lo que habilita la notificación-citación son las direcciones del demandado y el demandante, éstas deben ser incluidas como requisito en todos los formularios.

A tenor con la Regla 60, la notificación-citación no debe ser efectuada con menos de quince (15) días de la fecha de la celebración de la vista en su fondo. Si el demandado comparece a la vista, éste tiene derecho a refutar tanto el derecho al cobro de dinero como cualquier otra cuestión litigiosa. De otra parte, si el demandado no comparece, para poder prevalecer en rebeldía, la parte demandante tiene que demostrarle al tribunal que tiene a su favor una deuda líquida y exigible, que el deudor es el demandado y que la notificación-citación a éste efectivamente se realizó. La comparecencia de la parte demandante a la vista es esencial para que el tribunal pueda determinar si procede dictar sentencia a su favor. **Una vez celebrada la vista, si el demandado no tiene una defensa sustancial, no puede refutar la prueba presentada por el demandante, o no demuestra que la acción es contraria al interés de la justicia, el tribunal dictará sentencia inmediatamente a favor del demandante.**

El propósito de simplificar los procedimientos y la naturaleza sumaria de la Regla 60 resulta incompatible con algunos de los preceptos de las demás Reglas de Procedimiento Civil. Por ejemplo, en el procedimiento sumario de la Regla 60 se prescinde de la contestación a la demanda y del descubrimiento de prueba. Además, éste no contempla la presentación de alegaciones tales como la reconvención, y demanda contra terceros, entre otras. En cuanto a los dictámenes en rebeldía, éstos han quedado atemperados a la naturaleza de la Regla 60. Así pues, para que un tribunal pueda dictar sentencia en rebeldía, tiene que no sólo cerciorarse que el demandado fue debidamente notificado y citado,[6] sino también asegurarse, a base de la prueba aportada por el demandante, que éste tiene una reclamación en cobro de dinero contra el demandado que es líquida y exigible. En otras palabras, no puede descansar simplemente en la alegaciones, aunque éstas contengan hechos específicos y detallados sobre el particular.

Como podrá observarse, en esto difiere sustancialmente de la sentencia en rebeldía dictada al amparo de los procedimientos ordinarios, donde se

dan por admitidos los hechos bien alegados en la demanda, obviando así la necesidad de presentar prueba sobre éstos. Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815-816 (1978); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 931 (1996); Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 577 (1997). De ahí surge que en el procedimiento bajo la Regla 60 sea indispensable la comparecencia del demandante a la vista en su fondo. Así pues, se balancean los intereses del demandante y el demandado, haciendo menos rigurosa la notificación-citación al demandado, al mismo tiempo que exige del demandante prueba de las alegaciones para que éste pueda obtener una sentencia en rebeldía.[7]

En el acto de la vista, una vez superados estos aspectos de notificación y, cuantía líquida y exigible, el tribunal entenderá en todas las cuestiones litigiosas y **dictará sentencia inmediatamente**, sin dejar que el caso se prolongue. Así lo exige expresamente la Regla 60.

Otro aspecto importante de este procedimiento sumario es que el demandado no está atado a continuar con el procedimiento bajo la Regla 60 si le demuestra al tribunal que "tiene alguna reclamación sustancial, o [que] en el interés de la justicia" amerita que el caso se vea por la vía ordinaria. Así pues, aunque el caso inicialmente se haya comenzado a tramitar bajo el procedimiento sumario de la Regla 60, en etapas posteriores podrá seguirse bajo el procedimiento ordinario si el tribunal así lo determina, ya sea porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercer demandado, entre otras cosas.[8] Cuando ocurre esta conversión, el Juez debe, luego de notificarle a las partes, seguir el curso ordinario.

---

[6] Puede, por ejemplo, basarse en la presunción controvertible de que una notificación depositada en correo que no fue devuelta se presume recibida. 32 L.P.R.A. Ap. IV R. 16(24).

[7] Véase, A.C.A.A. v. Travelers Ins. Co., 104 D.P.R. 844, 846-847 (1976).

[8] La Regla 60 también provee para que un Juez pueda dilucidar un caso presentado por la vía ordinaria bajo la Regla 60, si el caso cumple con todos los requisitos y en la demanda no se especifica que se quiere que el mismo se tramite por la vía ordinaria. Esta situación requiere que el Juez le notifique a las partes que el caso se tramitará bajo la Regla 60.

En el caso de autos se plantea específicamente si se debe aplicar el término de seis (6) meses para diligenciar el emplazamiento dispuesto en la Regla 4.3(b) de las de Procedimiento Civil, *supra*, y el término de desestimación por inactividad de la Regla 39.2(b), *supra*, a los casos que se tramitan al amparo de la Regla 60.

IV

Los hechos del caso ante nuestra consideración ocurrieron antes de 10 de septiembre de 1997, por lo que la Regla 60 aplicable era la que disponía una cuantía máxima de dos mil dólares ($2,000) excluyendo los intereses.[9] La demanda de la Asociación cumple con el requisito de cuantía ya que solicitaba el cobro de una suma alegadamente líquida y exigible de mil novecientos sesenta y seis dólares con veinticinco centavos ($1,966.25). Por lo tanto, la demanda presentada por Asociación se podía tramitar bajo el procedimiento de la Regla 60. A esos efectos, el tribunal emitió y envió por correo la notificación-citación al demandado citándolo para la vista en su fondo. La vista se suspendió en varias ocasiones por no haberse podido efectuar, por distintas razones, la notificación-citación al demandado por correo, según establece la Regla. Finalmente, la misma se diligenció personalmente. Al ser el diligenciamiento personal el método más efectivo para garantizar que a la parte demandada se le notifica de la reclamación en su contra y de la fecha en que se celebrará la vista en su fondo, para que pueda comparecer a defenderse, si así lo desea, éste es compatible con la Regla 60, y, por lo tanto, está permitido, a pesar de no estar específicamente dispuesto en dicha Regla. Véase <u>León García v. Rest. El Tropical</u>, res. El 7 de junio de 2001, 2001 T.S.P.R. 81, 2001 J.T.S. 84, pág. 1326; <u>First Bank of P.R. v. Inmob. Nac., Inc.</u>, 144 D.P.R. 901, 916 (1998);

---

[9] La Ley Núm. 196 de 7 de agosto de 1998 aumentó la cuantía a $5,000.

<u>Granados v. Rodríguez Estrada II</u>, 124 D.P.R. 593, 610 (1989); <u>Rodríguez v. Nasrallah</u>, 118 D.P.R. 93, 99 (1986).

Debido a las diferencias descritas anteriormente entre el procedimiento de la Regla 60 y el procedimiento ordinario y, más aún, entre el emplazamiento y la notificación-citación, entendemos que el término de seis (6) meses que proveen las Reglas 4.3(b)[10] y 39.2(b)[11] no son de aplicación al procedimiento de la Regla 60.

Sobre la aplicación de la Regla 4.3(b) al procedimiento de la Regla 60 hay que tomar en consideración que bajo la Regla 60 no se expide un emplazamiento sino una notificación-citación, y que su diligenciamiento, por su naturaleza, está en manos del propio tribunal, no del demandante. Así lo dispone expresamente la Regla 60: "cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por las reglas, **el secretario inmediatamente notificará al demandado** por correo o cualquier otro medio de comunicación por escrito", esta notificación incluirá no sólo la demanda, sino también la citación para la vista del caso en su fondo.

De otra parte, en cuanto al término dispuesto por la Regla 39.2(b), sería difícil hablar de inactividad de las partes, cuando el control del proceso está mayormente en manos del tribunal. Este procedimiento está concebido de forma sencilla, imponiéndole al tribunal muchos de los deberes

---

[10] La Regla 4.3(b) dispone:

> El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo [sic] podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida con perjuicio.

[11] La Regla 39.2(b) reza:

> El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis (6) meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

que comúnmente recaen sobre las partes en los procesos ordinarios. De esta forma se propician las demandas por derecho propio que le permiten a las partes tener mayor acceso al foro judicial para dilucidar casos de menor cuantía. Según previamente expresáramos, estos casos no requieren, ni la contestación a la demanda, ni la utilización de los mecanismos de descubrimiento de prueba, ni las estrictas exigencias del diligenciamiento ordinario de un emplazamiento. Se trata de un procedimiento encaminado a la solución rápida e inmediata de un asunto sencillo que requiere que la Secretaria del tribunal de instancia actúe diligentemente.[12]

De lo anteriormente expuesto, surge con meridiana claridad que en el caso de autos, la demora entre la presentación de la demanda y la notificación-citación al demandado no se puede atribuir a la falta de diligencia de la Asociación.

Ahora bien, una vez se notificó personalmente al demandado y se celebró la vista de agosto, donde comparecieron las partes,[13] la naturaleza del procedimiento cambió, convirtiéndose en uno ordinario. El tribunal le informó al demandado que debía contestar en veinte (20) días y que habría una conferencia con antelación al juicio y una vista en su fondo. Luego de una serie de trámites procesales, incluyendo varias mociones de desestimación presentadas por el demandado y denegadas por el tribunal, el demandado contestó la demanda el 19 de febrero de 1999.

El tribunal, luego de la contestación a la demanda, concedió un breve periodo de descubrimiento de prueba. Todos estos trámites procesales reflejan, sin lugar a dudas, que el tribunal continuó tramitando el caso, luego de la notificación-citación, bajo el procedimiento ordinario de las Reglas de Procedimiento Civil. Este proceder lo autoriza la propia Regla 60.

---

[12] Esto, sin embargo, no quiere decir que, bajo las circunstancias particulares de un caso, no se pueda determinar que la parte promovente se cruzó de brazos o demostró falta de interés en tramitar su reclamación bajo la Regla 60.

[13] Esta vista se señaló para catorce (14) días después de la notificación. La Regla 60 requiere que sean, por lo menos, quince (15) días. Bajo esas

Por todo lo antes expuesto, procede revocar la sentencia emitida por el Tribunal de Circuito mediante la cual desestimó con perjuicio la demanda presentada por la Asociación y confirmar la sentencia emitida por el tribunal de instancia.

Miriam Naviera de Rodón
Juez Asociada

---

circunstancias, lo que procedía era que el tribunal hiciera un nuevo señalamiento.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residentes
Colinas Metropolitanas, Inc.

    Peticionaria

      v.

                            CC-2000-703

Rubén L. Thillet Rivera;
Jane Doe de Thillet y la
Sociedad Legal de Gananciales
entre ambos

    Recurridos


SENTENCIA


San Juan, Puerto Rico, a 1 de febrero de 2002


Por todo lo expuesto en la Opinión que antecede, la cual es parte integral de la presente Sentencia, procede revocar la sentencia emitida por el Tribunal de Circuito, mediante la cual desestimó con perjuicio la demanda presentada por la Asociación y confirmar la sentencia emitida por el tribunal de instancia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.  El Juez Asociado señor Rivera Pérez no intervino.


Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina