Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>DEMANDANTE-APELANTE<br><br>V.<br><br>ANGÉLICA PINEDA VÉLEZ<br><br>DEMANDADA-APELADA | KLAN202300966 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: CG2023CV00706 (702)<br><br>Sobre: Cobro de Dinero, Regla 60 |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2023.

Comparece ante este tribunal apelativo Island Portfolio, LLC como agente de Fairway Acquisitions Fund, LLC (IPS o la apelante) mediante el recurso de *Apelación* de epígrafe solicitándonos que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 5 de septiembre de 2023, notificada al día siguiente. Mediante este dictamen, el foro primario ordenó el archivo de la demanda sin perjuicio.

Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado.

### I.

El 3 de marzo de 2023, Island Portfolio, LLC presentó una demanda sobre cobro de dinero al amparo de la Regla 60 de las de Procedimiento Civil, *infra*, en contra de la Sra. Angélica Pineda Vélez (señora Pineda Vélez). Adujo que esta tomó un préstamo de auto a Popular Auto LLC, crédito que fue posteriormente adquirido por Fairway Acquisitions Fund, LLC quien actúa como agente gestor.

Por lo que es el tenedor y dueño de los derechos del acreedor original y sucesor con interés para hacer valer los términos y condiciones de dicha cuenta. Agregó que, al momento de instar la demanda, la deuda ascendía a $4,408.39 la cual estaba vencida y era una líquida y exigible. Incluyó como anejos los siguientes documentos: Proyecto de *Notificación y Citación sobre Cobro de Dinero*; Contrato de Venta al Por Menor a Plazos Vehículos de Popular Auto; Estado de Cuenta; Aviso de Cobro del 13 de diciembre de 2022; USPS Tracking; Carta del United States Postal Service del 24 de enero de 2023; y Declaración Jurada suscrita por la Srta. Keyshla Enid Laureano Pérez, Representante de Island Portfolio Services, LLC; Licencia núm. 14618 a nombre de Island Portfolio Services, LLC para dedicarse al negocio de agencias de cobro expedida por el Departamento de Asuntos del Consumidor

Por lo anterior, le solicitó al TPI que ordenara a la señora Pineda Vélez a pagar la cantidad adeudada, intereses al tipo legal sobre el monto debido, más costas, gastos y la suma del diez (10%) por ciento por honorarios de abogado.

El 30 de agosto de 2023, IPS presentó una *Moción Sometiendo Documentos* en la que acompañó "recibo de correo certificado que acredita el envío de la Notificación-Citación al demandado, así como hoja de rastreo que evidencia que esta no fue reclamada (*UNCLAIMED*) por la parte demandada."[1]

El 5 de septiembre de 2023, se celebró la Vista de Regla 60 mediante videoconferencia a la cual asistió solo el representante legal de la apelante. Surge de la *Minuta* que el Lcdo. Jorge Quiñones le informó al tribunal apelado que la Notificación-Citación "fue devuelta por no ser reclamada."[2] Asimismo, este solicitó el término de quince (15) días para notificar el curso a seguir. Ante esto, el TPI

---

[1] Véase el Apéndice del Recurso, a las págs. 23-26.
[2] *Íd.*, a la pág. 27.

esbozó que <u>el plazo para notificar</u> había transcurrido por lo que "**desestima el caso sin perjuicio.**"[3]

Así, ese mismo día, notificada el 8 de septiembre siguiente, el foro *a quo* emitió la *Sentencia* apelada en la que indicó:

> No habiéndose acreditado diligencias para emplazar a la parte demandada y transcurrido **el término de 120 días para emplazar conforme la Regla 4.3 de Procedimiento Civil**, se dicta Sentencia ordenando el archivo de la presente causa de acción, sin perjuicio. [Énfasis nuestro]

Inconforme, IPS presentó una moción de reconsideración la cual fue denegada mediante la Resolución del 22 de septiembre de 2023, notificada el 29 del mismo mes y año.

Todavía en desacuerdo, la parte apelante acude ante este foro intermedio imputándole al TPI haber incurrido en los siguientes errores:

> INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO DE CONFORMIDAD CON LA REGLA 4.3 DE PROCEDIMIENTO CIVIL, PUES EL TÉRMINO DE 120 DÍAS PARA EMPLAZAR A UNA PARTE DEMANDADA QUE ESTABLECE DICHA REGLA ES INCOMPATIBLE CON EL PROCEDIMIENTO SUMARIO GOBERNADO POR LA REGLA 60 DE PROCEDIMIENTO CIVIL, SEGÚN [SE] ESTABLECE EN **ASOC. RES. COLINAS METRO V. S.L.G., 2002 TSPR 11**.

> INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO AL TRÁMITE ORDINARIO SEGÚN LO RESUELTO EN <u>PRIMERA COOPERATIVA DE AHORRO V. HERNÁNDEZ HERNÁNDEZ</u>, 205 D.P.R. 624 (2020), APLICANDO ASÍ LA SANCIÓN MÁS SEVERA POSIBLE.

Analizado el recurso y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver. Además, prescindimos de cualquier trámite posterior según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 7(B)(5).

---

[3] *Íd*. Énfasis en el original.

## II.

**La Regla 60 de las de Procedimiento Civil**

La Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60, (Regla 60) establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil ($15,000) dólares de principal. El propósito primordial de esta regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 97 (2002), reiterado en *Cooperativa v. Hernández Hernández,* 205 DPR 624, 631 (2020).

En particular, la Regla 60, *supra,* dispone que la responsabilidad de diligenciar la Notificación-Citación recae sobre la parte demandante. Una vez la Secretaria o Secretario del Tribunal de Primera Instancia reciba el proyecto de Notificación-Citación, tiene el deber de expedirla inmediatamente para que se gestione el diligenciamiento, el cual puede llevarse a cabo por correo certificado o mediante entrega personal. *Cooperativa v. Hernández Hernández*, supra, a las págs. 634-635. "**No importa cuál de estas dos opciones prefiera la parte demandante, lo transcendental es que la notificación-citación del promovente sea diligenciada, dentro de los 10 días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible**. [nota al calce omitida]."[4] *Íd.*, a la pág. 635. Dicha Notificación-Citación cumple una doble función, ya que notifica al demandado la reclamación en cobro de dinero presentada en su contra, a la vez que lo cita para la vista en su fondo. *Íd.*

---

[4] Énfasis en el original.

Por otra parte, la Regla 60, *supra,* establece que, si se demuestra la existencia de una reclamación sustancial, o bien en el interés de que se haga justicia, "cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario."

Cabe puntualizar que, previo a la enmienda a la Regla 60 introducida por la Ley núm. 98-2012, el derecho a tal solicitud lo poseía únicamente la parte demandada. El lenguaje actual de la regla, en cambio, establece que todas las partes tiene un derecho a solicitar que el pleito se continúe ventilando por el trámite civil ordinario, además de que el foro judicial puede, *motu proprio,* así disponerlo.

Ahora bien, en *Cooperativa v. Hernández Hernández,* supra, el Tribunal Supremo revisitó el trámite expedido de la Regla 60. Además, atendió una controversia sobre la procedencia de la desestimación de una reclamación al amparo de esta regla, ante el incumplimiento de la parte promovente con los términos provistos para diligenciar la notificación-citación, o si procede en cambio que la reclamación se ventile en un pleito ordinario. Así, nuestra más alta *Curia* reconoció que la Regla 60 no indica el término para que una parte solicite o que el tribunal ordene la transformación del proceso a uno ordinario ni dispone qué ocurre cuando se incumple con el término dispuesto para diligenciar la Notificación-Citación. *Íd.*, a la pág. 638. Al respecto, decretó que, aunque el estatuto procesal guarda silencio, "**sí podemos colegir que su redacción se inclina hacia la conversión ordinaria del procedimiento y no a**

**la desestimación del litigio**".[5] *Íd*. Por ende, aludiendo a la severidad que conlleva la desestimación, y teniendo en cuenta el término breve de ese mecanismo sumario, decretó que transcurridos los diez (10) días sin que la parte demandante hubiese diligenciado la Notificación-Citación a la parte demandada, **no procede obligatoriamente la desestimación al amparo de la Regla 4.3(c)** de las de Procedimiento Civil. Es más, claramente se estableció que la Regla 4.3(c) es **incompatible** con la Regla 60 en cuanto a la obligación del tribunal de instancia a dictar sentencia decretando la desestimación sin perjuicio de la causa de acción una vez hayan transcurrido los 120 días sin que la parte demandante haya diligenciado el emplazamiento. *Íd*

Como resultado de este análisis, el más alto foro significó que:

> **[S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento**.[6] *Íd*., a la pág. 640.

### III.

En esencia, IPS planteó que el TPI erró al desestimar la demanda al entender que se debió emplazar dentro del término dispuesto en la Regla 4.3 de las de Procedimiento Civil y al negarse a convertir el caso al trámite ordinario. Esto, en contravención a la jurisprudencia decretada por el Tribunal Supremo al respecto.

Surge del trámite procesal esbozado, así como del expediente, que la carta requiriendo el cobro del monto adeudado fue enviada por correo certificado con acuse de recibo y la apelada la recibió. Así, la apelante diligenció la Noficación-Citación, mediante el mismo

---

[5] Énfasis en el original.
[6] Énfasis en el original.

método, a la dirección postal exacta a la que se envió dicha misiva. No obstante, el certificado del *United States Postal Service Tracking* demuestra que la Noficación-Citación fue devuelta por el servicio postal como no reclamada (*Unclaimed*) con la nota *No Authorized Recipient Available.*

De la *Minuta* de la vista de Regla 60 celebrada el 5 de septiembre de 2023, surge que la representación legal de IPS informó que la Noficación-Citación fue devuelta al no ser reclamada. Ante lo expresado, el TPI determinó que había transcurrido el término para notificar, por lo que desestimaba el caso sin perjuicio. Entonces, ese mismo día, notificada al día siguiente, el foro *a quo* dictó la *Sentencia* apelada ordenando el archivo de la demanda, sin perjuicio aplicando el término de 120 días dispuesto en la Regla 4.3 de las de Procedimiento Civil.

Como consignamos en el derecho precedente, la Regla 4.3(c) es **incompatible** con la Regla 60 en cuanto a la obligación del tribunal de instancia de dictar sentencia decretando la desestimación sin perjuicio una vez transcurrido el término de 120 días. Por lo que, acorde con la normativa establecida en *Cooperativa v. Hernández Hernández,* supra, resulta forzoso concluir que el foro apelado erró al aplicar, al caso de autos, la Regla 4.3 (c).

Por otra parte, la información presentada por la apelante ante el TPI e incluida en el expediente apelativo, nos permite colegir que IPS fue diligente al enviar oportunamente, el 23 de marzo de 2023, la Notificación-Citación por correo certificado con acuse de recibo, a la última dirección conocida de la señora Pineda Vélez. No obstante, la comunicación fue devuelta por el servicio postal como no reclamada por esta. Esto, aún cuando la carta requiriendo el cobro del monto adeudado fue recibida por ella en la misma dirección postal a la cual se remitió la Notificación-Citación.

En este sentido, concluimos que acorde con los pronunciamientos enunciados en *Cooperativa v. Hernández Hernández,* supra, procedía que el foro primario primariamente, *motu proprio,* ordenara la conversión del procedimiento a uno ordinario previo a desestimar la causa de acción. Advertimos que en dicho caso el más alto foro diáfanamente decretó que la redacción de la norma procesal se inclina hacia la conversión ordinaria del procedimiento y no a la desestimación del litigio. Aún más, recalcamos lo antes citado de que, *a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo **que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario***, *y no necesariamente la desestimación de la causa de acción.* En este punto, se hace menester enfatizar que lo que pretende precisamente la apelante es que el tribunal adquiera jurisdicción sobre la señora Pineda Vélez y continuar el proceso.

En conclusión, los errores señalados fueron cometidos por el foro primario.

**IV.**

Por los fundamentos expuestos, revocamos la *Sentencia* apelada y devolvemos el caso al foro primario para la continuación de los procedimientos, según lo aquí resuelto, incluyendo la conversión del pleito de cobro de dinero al amparo de la Regla 60 de las de Procedimiento Civil a uno ordinario.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones