Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| Administración Para El Sustento De Menores<br><br>**Apelante**<br><br>v<br><br>Omayra Santiago Calderón<br><br>**Apelada** | KLAN202400741 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV03638<br><br>Sobre: Cobro de Dinero Regla 60 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de agosto de 2024.

### I.

El 5 de agosto de 2024, la Administración para el Sustento de Menores (ASUME o agencia administrativa) presentó un recurso de apelación por el cual nos solicitó la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 4 de junio de 2024, notificada y archivada digitalmente en autos el 5 de junio de 2024.[1] En el dictamen, el TPI desestimó y archivó sin perjuicio el pleito de marras, en virtud de lo dispuesto en la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (a). Lo anterior luego de que ASUME no le expresara al foro *a quo,* dentro un término de diez (10) días, si deseaba emplazar a la señora Omayra Santiago Calderón (señora Santiago Calderón o apelada) por edicto o si iba a desistir de su caso.

En vista de ello, pormenorizaremos los hechos procesales atientes al caso de autos.

---

[1] Apéndice del recurso de apelación, Anejo I, pág. 1.

**II.**

El caso de marras tiene su génesis el 21 de abril de 2024 cuando ASUME presentó una *Demanda* en contra de la señora Santiago Calderón por cobro de dinero, a tenor con la Regla 60 de Procedimiento Civil, *supra*, R. 60.[2] Sostuvo que la señora Santiago Calderón solicitó los servicios de ASUME para obtener del padre no custodio la pensión a favor de los hijos y las hijas en común. ASUME arguyó que, durante los años 2011 y 2012, y a través de dicha agencia administrativa, la señora Santiago Calderón recibió indebidamente la cantidad de $7,996.00. Expuso que dicho dinero no le correspondía, pues no provino del padre alimentante y no custodio, y, por lo tanto, no tenía relación alguna con la pensión.

Alegó demás ASUME que, tras darse cuenta de lo anterior, ajustó la cuenta de la señora Santiago Calderón y realizó gestiones extrajudiciales para recuperar el referido dinero. Alegó que requirió de esta la devolución del pago por medio de cartas enviadas por correo en fechas distintas, y que, a pesar de eso, la señora Santiago Calderón se negó y/o no devolvió el dinero. Por lo anterior, solicitó del foro primario el pago de $7,996.00 más costas, intereses al tipo legal desde la presentación de la demanda, y una suma razonable por concepto de honorarios de abogado.

El 24 de abril de 2024, el foro primario emitió una *Notificación y Citación sobre Cobro de Dinero* donde le notificaba a la señora Santiago Calderón sobre la presentación de la demanda en su contra, la cantidad que alegadamente adeudaba y sobre un juicio señalado por el cual iba a poder exponer su posición respecto a la aludida reclamación. Además, le advertía sobre una posible anotación de rebeldía en su contra de no comparecer a dicho juicio.[3]

---

[2] *Íd.*, Anejo II, págs. 2-21.
[3] *Íd.*, Anejo III, págs. 22-24.

El 3 de mayo de 2024, el foro *a quo* emitió una *Orden*, notificada y archivada en autos ese mismo día, por la cual ordenó a ASUME a expresar, dentro de un término de diez (10) días, si le interesaba emplazar a la señora Santiago Calderón mediante edicto o si iba a desistir el caso.[4]

Al no cumplir la parte apelante con lo ordenado, el foro recurrido dictó *Sentencia* el 4 de junio de 2024, notificada y archivada al día siguiente, mediante la que desestimó y archivó el caso, sin perjuicio.

Inconforme, el 5 de agosto de 2024, ASUME presentó un recurso de apelación en contra de la decisión recurrida. Le imputó al TPI la comisión del siguiente error:

> **SEÑALAMIENTO DE ERROR- ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA PARTE DEMANDADA NO POD[Í]A SER NOTIFICADA DEL PLEITO POR CORREO CERTIFICADO; Y, A SU VEZ, AL ORDENAR A ASUME A DESISTIR DEL PLEITO O EMPL[A]ZAR POR EDICTOS.**

En síntesis, la agencia administrativa arguyó que el procedimiento de emplazamiento es incompatible con la Regla 60 de Procedimiento Civil, *supra*, empero, dicha regla permite la notificación del pleito a través del correo certificado sin distinción de la residencia de la señora Santiago Calderón. Sostuvo además que el foro primario aplicó las normas de emplazamiento de un proceso ordinario porque la señora Santiago Calderón reside en Estados Unidos, cuando se trataba de un procedimiento sumario. Por último, alegó que el correo certificado y con acuse de recibo son métodos que ofrecen una probabilidad razonable a informarle a la señora Santiago Calderón de la acción en su contra. Por lo cual alega que la determinación del TPI es contraria a derecho y debe ser revocada.

---

[4] *Íd.*, Anejo IV, pág. 25.

A continuación, pormenorizaremos el marco jurídico doctrinal para resolver el recurso ante nos.

### III.

### A.

El propósito fundamental de la Regla 60 de Procedimiento Civil, *supra*, es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". (Énfasis en el original eliminado). ***Primera Cooperativa de Ahorro v. Hernández Hernández***, 205 DPR 624, 631 (2020). Considerando el principio sumario de la Regla 60 de Procedimiento Civil, *supra*, aplicarán las Reglas de Procedimiento Civil ordinario, *supra*, supletoriamente "en tanto y en cuanto éstas sean compatibles con el procedimiento sumario establecido en dicha regla". ***Asoc. Res. Colinas Metro. V. S.L.G.***, 156 DPR 88, 98 (2002).

En esa misma línea, el emplazamiento por edicto, la contestación a demanda, el descubrimiento de prueba, la reconvención, la demanda contra tercero, y otros recursos, son incompatibles con el procedimiento sumario. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 631. Específicamente, la Regla 60 de Procedimiento Civil, *supra*, expresamente dispone que:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido **inmediatamente** por el Secretario o Secretaria. **La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.**
> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la

presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

(Énfasis suplido).

En otras palabras, cuando la cantidad adeudada no exceda de los $15,000.00, y al presentar la demanda, no se solicita que el caso sea mediante el procedimiento ordinario, la parte demandante tendrá la responsabilidad de diligenciar la notificación-citación. De igual modo, "tan pronto la secretaria o el secretario del tribunal de instancia reciba el proyecto de notificación-citación y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla inmediatamente para que la parte demandante gestione el diligenciamiento". ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, págs. 634-635.

Es importante aclarar que, bajo la Regla 60 de Procedimiento Civil, *supra*, no se expide un emplazamiento sino una notificación-

citación. ***Asoc. Res. Colinas Metro. v. S.L.G.***, supra, págs. 102-103. De hecho, entre las enmiendas realizadas a las Reglas de Procedimiento Civil de 1979, se encuentra la eliminación del requisito de diligenciar la citación por edicto bajo la Regla 60 de Procedimiento Civil, *supra*. Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, 2008, pág. 719. Específicamente, se eliminó de la Regla 60 de Procedimiento Civil, *supra*, que "[s]i el demandado residiere fuera de Puerto Rico, se hará su citación por edicto de acuerdo a la Regla 4.5". Íd. Ahora, la parte demandante puede seleccionar la forma de diligenciar la notificación-citación, ya sea por entrega personal, a tenor con la Regla 4 de Procedimiento Civil, *supra*, R. 4, o **por correo certificado**. Regla 60 de Procedimiento Civil, *supra*. Lo eminente es diligenciar la notificación-citación dentro de un término de 10 días de presentada la demanda con copia de esta dirigida a la última dirección conocida del deudor, pues a través de dicha notificación-citación, se le notifica a la parte demandada sobre la reclamación en cobro de dinero presentada en su contra y se le cita a una vista en su fondo. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 635; ***Asoc. Res. Colinas Metro. v. S.L.G.***, supra, pág. 98.

Ahora bien, "cualquiera de las partes, en el interés de la justicia, 'tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario'". ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 637 (Énfasis en el original eliminado) (*citando a* Regla 60 de Procedimiento Civil, *supra*). Aun así, este derecho no es automático, sino que el TPI deberá sopesar

los méritos de dicha solicitud. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 637.

En síntesis, las instancias por las que un caso presentado bajo la Regla 60 de Procedimiento Civil, *supra*, debe o puede convertirse del procedimiento sumario al ordinario son:

> (1) [S]i la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) **partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo**[;] y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, págs. 637-638 (Énfasis suplido) (*citando a* J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2ª ed. rev., San Juan, Pubs. JTS, 2011, T. V, pág. 1804).

En esa misma línea, nuestro máximo foro reconoció que la redacción de la Regla 60 de Procedimiento Civil, *supra*, "se inclina hacia la conversión ordinaria del procedimiento, y no a la desestimación del litigio". ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 638 (Énfasis en el original eliminado); R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ª ed. rev., San Juan, Ed. Lexis Nexis, 2017, pág. 628. Cónsono con lo anterior, ante la seriedad de la desestimación, y el breve término de este procedimiento sumario, **"transcurridos los diez días sin que la parte demandante haya diligenciado la notificación-citación a la parte demandada, no procede obligatoriamente la desestimación al amparo de la Regla 4.3 (c)"** de Procedimiento Civil, *supra*, R. 4.3 (c). ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 638 (Énfasis en el original). Simplemente, la desestimación en este proceso sumario es contrario y hace impráctico el principio de resolver las controversias de forma justa, rápida y económica, conforme a la Regla 1 de Procedimiento Civil, *supra*, R. 1. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág.

639. Incluso, no garantiza un debido proceso de ley ni acceso a los tribunales. Íd.

Por ende, "**en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento**". *Primera Cooperativa de Ahorro v. Hernández Hernández*, supra, pág. 640 (Énfasis en el original).

### B.

Es norma de derecho reiterada y establecida que nuestro sistema jurídico tiene como política pública que los casos se ventilen en sus méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807, 818 (2023); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021); *Mercado Figueroa v. Mun. San Juan*, 192 DPR 279, 287-288 (2015). Es por ello que la desestimación de una demanda ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264 (*citando al* Prof. Hernández Colón, *op. cit.*, pág. 250). Si bien los tribunales ostentan la facultad de desestimar casos con perjuicio en ciertas circunstancias, la misma debe ejercerse de forma juiciosa y apropiada. *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). El propósito principal de ejercer dicha facultad con prudencia es que "la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones que válidamente tenga en contra de otros". *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264. Por lo tanto, previo a ordenar la desestimación del caso, los tribunales deben ejecutar el orden de prelación establecido en la Regla 39.2(a) de Procedimiento Civil, *supra*, sobre desestimación:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

**Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, <u>en primer término,</u> haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. <u>Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación.</u> Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

. . . .

(Subrayado y énfasis suplido); ***Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.***, supra, pág. 820.

En otras palabras, la Regla 39.2(a) de Procedimiento Civil, *supra*, exige que, además de sancionar al representante legal ante un incumplimiento, **antes** de imponer una sanción tan drástica como la desestimación de una reclamación, **el tribunal debe apercibir a la parte directamente sobre el incumplimiento de su representante legal con las órdenes del tribunal y las consecuencias que conlleva ello**. Véase, ***HRS Erase, Inc. v. Centro Médico del Turabo, Inc.***, 205 DPR 689, 712 (2020); ***Mun. de Arecibo v. Almac. Yamika***, 154 DPR 217, 224-225 (2001). De esta forma, la parte puede conocer la situación previa a la desestimación de su pleito y puede así salvaguardar su derecho a que su caso se dilucide en sus méritos. ***HRS Erase, Inc. v. Centro Médico del Turabo, Inc.***, supra, pág. 706; ***VS PR, LLC v. Drift-Wind, Inc.***, supra, pág. 264; ***Mercado Figueroa v. Mun. San Juan***, supra, págs. 287-288. Consecuentemente, "[l]a desestimación de un

caso sólo debe prevalecer en situaciones extremas en las que haya quedado demostrado de forma clara la desatención de la parte después que se hayan impuesto otras sanciones y con un previo aviso". Informe de Reglas de Procedimiento Civil, *supra*, pág. 457; ***Mun. de Arecibo v. Almac. Yamika***, supra, pág. 222.

## IV.

En el caso de marras, el TPI emitió una *Sentencia* en la cual desestimó y archivó sin perjuicio el pleito de epígrafe, conforme a la Regla 39.2 (a) de Procedimiento Civil, *supra*. Fundamentó su dictamen en que ASUME no le notificó a dicho foro, dentro de un término de diez (10) días, si deseaba emplazar a la señora Santiago Calderón por edicto o desistir de su caso.

Inconforme, ASUME planteó que el foro primario erró al determinar que la señora Santiago Calderón no podía ser notificada del caso de marras por correo certificado y al ordenar a la agencia administrativa a desistir del caso o emplazar por edictos.

Tras un análisis objetivo y cuidadoso de la totalidad del expediente ante nuestra consideración, en correcta práctica jurídica apelativa, resolvemos que el TPI incurrió en el error imputado al desestimar la demanda del caso de marras sin antes cumplir con el orden de prelación requerido por la Regla 39.2 (a) de Procedimiento Civil, *supra*, y convertir *motu proprio* al procedimiento ordinario bajo la Regla 60 de Procedimiento Civil, *supra*.

Como pormenorizamos en la sección anterior, cuando la cantidad adeudada no exceda de los $15,000.00, y se presente una demanda sin solicitar que el caso sea mediante el procedimiento ordinario, la parte demandante tendrá la responsabilidad de diligenciar la notificación-citación bajo la Regla 60 de Procedimiento Civil, *supra*, ya sea **por correo certificado** o por entrega personal, a tenor con la Regla 4 de Procedimiento Civil, *supra*. Al eliminar el requisito de diligenciar dicha notificación-citación por edicto, tal

como requería las Reglas de Procedimiento Civil de 1979, cuando se trataba de personas que residían fuera de Puerto Rico, **es razonable entender que el diligenciamiento de notificación-citación bajo la Regla 60 de Procedimiento Civil actual se puede realizar por correo certificado independientemente de si la parte demandada reside en o fuera de Puerto Rico**. Por lo tanto, ASUME podía utilizar el mecanismo del correo certificado para remitirle a la señora Santiago Calderón la notificación-citación.

En el presente caso, el foro primario desestimó y archivó sin perjuicio el caso de autos, solo luego de que la agencia administrativa incumpliera con la orden concediendo diez (10) días para notificar si deseaba emplazar por edicto a la señora Santiago Calderón o si iba a desistir del mismo. Tal como expusimos en la sección anterior, la Regla 39.2 (a) de Procedimiento Civil, *supra*, exige un orden de prelación donde, ante un primer incumplimiento, primero se deberá apercibir al representante legal de la parte sobre el incumplimiento con la orden del tribunal, concediéndole oportunidad de responder. Luego de ello, si dicho representante legal no responde a tal apercibimiento, el tribunal deberá imponerle sanciones al abogado y le notificará directamente a la parte sobre la aludida situación. Después de informarle a la parte sobre la situación y las consecuencias de no corregirse, el tribunal podrá entonces ordenar la desestimación del pleito.

A esos efectos, nuestro máximo foro expresó que, ante la seriedad de la desestimación, y el breve término del procedimiento sumario de la Regla 60 de Procedimiento Civil, *supra*, "transcurridos los diez días sin que la parte demandante haya diligenciado la notificación-citación a la parte demandada, no procede obligatoriamente la desestimación al amparo de la Regla 4.3 (c)" de Procedimiento Civil, *supra*. *Primera Cooperativa de Ahorro v. Hernández Hernández*, supra, pág. 638 (Énfasis en el original

eliminado). Por el contrario, los foros primarios deberán asegurarse de que la causa de acción amerita la conversión al procedimiento ordinario. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, pág. 638. Por lo tanto, existen varias instancias por la cuales se puede o se debe convertir el procedimiento sumario en uno ordinario como, por ejemplo, *motu proprio* por parte del TPI en el ejercicio de su discreción y en el interés de la justicia. ***Primera Cooperativa de Ahorro v. Hernández Hernández***, supra, págs. 637-638.

A tenor con la glosa jurisprudencial pormenorizada precedentemente, el TPI debió convertir *motu proprio* el procedimiento sumario en uno ordinario en el ejercicio de su discreción y en el interés de la justicia.

Nótese además que, si bien la Regla 60 de Procedimiento Civil, *supra*, es incompatible con el emplazamiento por edicto, ASUME podía diligenciar la notificación-citación de la señora Santiago Calderón por correo certificado, conforme a la Regla 60 de Procedimiento Civil, *supra*, independientemente de si residía en o fuera de Puerto Rico.

### V.

Por los fundamentos anteriormente expuestos, se *revoca* la *Sentencia* recurrida. Consecuentemente, se convierte el pleito al procedimiento civil ordinario, se permite la notificación-citación por correo certificado y se ordena al TPI calendarizar los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones