# ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL V

| ISLAND PORTFOLIO SERVICES, LLC, como agente de FAIRWAY ACQUISITIONS FUND, LLC, Apelante, v. BERNICE FIGUEROA LÓPEZ, Apelada. | KLAN202300914 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas. Civil núm.: CD2023CV00010. Sobre: cobro de dinero (Regla 60). |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

Tenemos ante nuestra consideración la solicitud de la parte apelante, Island Portfolio Services, LLC (Island), para que dejemos sin efecto la *Sentencia* dictada por el foro primario el 6 de junio de 2023, notificada el 12 de junio de 2023[1]. En ella, el Tribunal de Primera Instancia, Sala Superior de Caguas, desestimó sin perjuicio la demanda en cobro de dinero instada por Island, pues la citación-notificación expedida por Secretaría no fue diligenciada o notificada a la parte demandada dentro del término de 120 días que dispone la Regla 4.3(c) de las de Procedimiento Civil, 32 LPRA Ap. V.

Examinado el escrito de apelación a la luz del derecho aplicable[2], confirmamos la sentencia del foro primario, aunque por distinto fundamento.

_____

[1] *Véase*, apéndice del recurso, a la pág. 23.

[2] A pesar de que este Tribunal le concedió un término a la parte apelada para que presentara su oposición, esta no compareció. Tal hecho no nos sorprende, pues la señora Bernice Figueroa López nunca fue debidamente citada ni notificada del procedimiento en su contra ante el Tribunal de Primera Instancia.

Número identificador

SEN2023_____

I

El **24 de enero de 2023**, Island instó una demanda en cobro de dinero en contra de la señora Figueroa López. A la luz de que el dinero adeudado no excedía de $15,000.00, Island se acogió al procedimiento sumario de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V. En esa misma fecha, Island presentó el proyecto de notificación y citación correspondiente para que la Secretaría del tribunal la expidiese.

Transcurridos en exceso 4 meses, Island presentó una *Moción Informativa* al tribunal el **5 de junio de 2023**[3]. En ella, apuntó que la vista de la Regla 60 estaba pautada para el **6 de junio de 2023**, sin embargo, informaba al tribunal que "el sistema no ha permitido a la parte demandante acceder [a la notificación-citación] y por tal razón, no se ha podido notificar a la parte demandada sobre la vista a celebrarse el 6 de junio de 2023."[4]

Llegado el 6 de junio de 2023, la representación legal de Island compareció a la vista. El tribunal hizo constar que había transcurrido en exceso el término de 120 días, computado a partir de la presentación de la demanda, por lo que, no habiéndose citado a la demandada, desestimaría sin perjuicio la demanda[5]. En esa misma fecha, el tribunal dictó la sentencia correspondiente.

El 27 de junio de 2023, Island solicitó la reconsideración de la sentencia, la cual fue denegada el 27 de junio, notificada el 13 de septiembre de 2023.

Inconforme, Island presentó este recurso de apelación el 13 de octubre de 2023, y apuntó la comisión de dos errores, a decir:

> Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso de conformidad con la Regla 4.3 de Procedimiento Civil, pues el término de 120 días para emplazar a una parte demandada que establece dicha regla es incompatible con el procedimiento sumario gobernado por

---

[3] *Véase*, apéndice del recurso, a la pág. 19.

[4] Conforme al Sistema Unificado para el Manejo y Administración de Casos (SUMAC), la secretaria del foro primario expidió la correspondiente notificación y citación para la vista el **2 de febrero de 2023**. *Véase*, captura de la pantalla de SUMAC, entrada núm. 5, apéndice del recurso, a la pág. 18.

[5] *Véase*, apéndice del recurso, a la pág. 20.

la Regla 60 de Procedimiento Civil, según establece Asoc. Res. Colinas Metro v. S.L.G., 2002 TSPR 11.

Incidió el Honorable Tribunal de Primera Instancia al desestimar sin antes convertir el asunto al trámite ordinario según lo resuelto en Primera Cooperativa de Ahorro v. Hernández Hernández, 2020 TSPR 127, aplicando así la sanción más severa posible.

Es decir, Island solicita que revoquemos al foro primario y devolvamos el caso ante aquel, una vez ordenemos que la causa de acción en cobro de dinero se convierta al trámite civil ordinario.

II

La Regla 60 de las de Procedimiento Civil[6], 32 LPRA Ap. V, dispone para la presentación de un pleito en cobro de una suma que no exceda los $15,000.00, sin incluir los intereses, y en el que no se solicite tramitar el caso conforme al procedimiento ordinario. En específico, establece, entre otras cosas, que para incoar un pleito de cobro de dinero a su amparo, "la parte demandante debe[rá] conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario".

El propósito primordial de la Regla 60 es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación." *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 97 (2002).

Presentada una demanda de cobro de dinero al amparo del procedimiento sumario de la Regla 60,

> la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. **La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda**,

---

[6] Valga apuntar que la Regla 60 de las de Procedimiento Civil de 2009 ha sido enmendada en varias ocasiones mediante la Ley Núm. 220-2009, la Ley Núm. 98-2010, la Ley Núm. 98-2012 y la Ley Núm. 96-2016.

incluyendo copia de ésta, mediante entrega personal conforme a los dispuesto en la Regla 4 o por correo certificado[7].

32 LPRA Ap. V, R. 60. (Énfasis nuestro).

De otra parte, la Regla 60 también dispone para que cualquiera de las partes pueda "solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario […] o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que corresponda al procedimiento ordinario". 32 LPRA Ap. V, R. 60. Una de las instancias por las cuales un litigio al amparo de la Regla 60 debe o puede convertirse al procedimiento ordinario es cuando fuera necesario emplazar por edicto[8]. *Cooperativa v. Hernández Hernández*, 205 DPR, a la pág. 638.

III

En teoría, y de espaldas a los hechos particulares de este caso, a la apelante le asiste la razón. El Tribunal Supremo de Puerto Rico sí ha manifestado que la Regla 60 y el término de 120 días para emplazar dispuesto en la Regla 4.3(c) resultan incompatibles[9]. También, ha decretado que, previo a acudir a la desestimación de la acción, el tribunal debe considerar convertir el proceso a uno ordinario[10].

Ahora bien, lo que nunca ha consignado el Tribunal Supremo es que, contrario al proceso sumario promovido por una parte demandante, esta tenga derecho a instar la demanda y, simple y llanamente, cruzarse de brazos. Como surge de los hechos procesales, la demanda fue instada el 24 de enero de 2023; en esa fecha, Island sometió el correspondiente

---

[7] Al respecto, el Tribunal Supremo de Puerto Rico sostuvo que **"[n]o importa cuál de estas dos opciones prefiera la parte demandante [mediante entrega personal o por correo certificado], lo transcendental es que la notificación-citación del promovente sea diligenciada, dentro de los 10 días de presentada la demand5a** y **se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible**". *Cooperativa v. Hernández Hernández*, 205 DPR 624, 635 (2020). (Énfasis en el original; cita al calce omitida).

[8] Así también: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo, y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor. *Cooperativa v. Hernández Hernández*, 205 DPR, a las págs. 637-638.

[9] *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR, a la pág. 102.

[10] *Cooperativa v. Hernández Hernández*, 205 DPR, a la pág. 638.

proyecto de notificación y citación; y, el 2 de febrero de 2023, la secretaria del foro primario expidió dicha notificación y citación.

Dando por buena la excusa sometida por Island, el SUMAC no le dio acceso al documento, por lo que no lo pudo descargar, imprimir y diligenciar. Este error es, pues, atribuible a Secretaría. Sin embargo, lo que no es sostenible ni válido es que Island haya esperado meses, o hasta el día antes de la vista pautada, para notificar al tribunal del problema que había confrontado.

La Regla 60 es clara: la notificación y citación tiene que diligenciarse dentro de un término de 10 días de presentada la demanda; la vista tiene que celebrarse no más tarde de 3 meses a partir de la presentación de la demanda, pero nunca antes de 15 días de la notificación a la parte demandada. Estos términos sí son compatibles con el proceso sumario de la Regla 60 y fueron obviados por completo por la parte apelante. El foro primario no abusó de su discreción y procedió a la desestimación sin perjuicio de la demanda.

IV

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* emitida el 6 de junio de 2023, notificada el 12 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones