ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ISLAND PORTFOLIO SERVICES, LLC, como agente de ACE ONE FUNDING, LLC,<br><br>Apelante,<br><br>v.<br><br>CARLOS M. BERNIER MONTAÑEZ,<br><br>Apelada. | KLAN202300965 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Municipal de Guayama.<br><br>Civil núm.: GM2023CV00617.<br><br>Sobre: cobro de dinero (Regla 60). |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece la parte apelante Island Portfolio Servies, LLC., como agente de Ace One Funding, LLC., y nos solicita que revoquemos la sentencia emitida por el Tribunal de Primera Instancia el 12 de septiembre de 2023, notificada el 13 de septiembre de 2023. Mediante la misma, el foro primario desestimó la causa de acción instada contra el apelado Carlos Bernier Montañez, por falta de jurisdicción.

Por los fundamentos que expondremos a continuación **revocamos** la sentencia emitida y ordenamos la continuación de los procedimientos.

I

El 3 de agosto de 2023, Island Portfolio presentó una demanda en cobro de dinero contra el señor Bernier; ello, al amparo del procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V[1].

Tras las incidencias procesales de rigor, el 5 de septiembre de 2023, Island Portfolio presentó una moción informativa con la cual acreditó haber enviado copia de la notificación-citación a la parte demandada[2]. De los

---

[1] *Véase*, apéndice del recurso, a las págs. 1-17.

[2] *Íd.*, a la pág. 28.

Número identificador

SEN2023_____

documentos adjuntados a la moción surge que la dirección a la que la citación fue enviada fue debidamente recibida y recogida el 9 de agosto de 2023. La dirección postal a la que fue enviada el **P.O. Box 10007, Suite 334, Guayama PR 00784**[3].

El 12 de septiembre de 2023, se celebró la vista en sus méritos. Según surge de la minuta, tras presuntamente percatarse de que la **carta de cobro o interpelación** enviada a la dirección postal del demandado[4] estaba en un apartado del correo, sin ser reclamada, el tribunal expresó que la misma no había sido notificada de conformidad a lo dispuesto en la Ley Núm. 143-1968, 10 LPRA sec. 981[5], conocida como *Ley de Agencias de Cobros*.

En esa misma fecha, el foro primario emitió su sentencia[6]. En síntesis, discutió que el requisito de interpelación dispuesto en la precitada Ley Núm.143-1968 y la jurisprudencia interpretativa, tanto local como federal, requerían prueba de la notificación y recepción de la carta de cobro por la parte demandada[7]. En específico, distinguió entre los casos en que la carta no era recibida por el demandado y aquellos en que nadie la recibe, como ocurre cuando se envía a un apartado y permanece allí. En virtud de su análisis, se declaró sin jurisdicción y desestimó la demanda sin perjuicio.

El 28 de septiembre de 2023, Island Portfolio presentó su moción de reconsideración[8]. En ella, arguyó que el Art. 17(13) de la Ley Núm. 143-1968, solo exigía que, previo a instar la acción judicial se le requiriera al

---

[3] *Véase*, apéndice del recurso, a las págs. 29-30.

[4] Según surge de los documentos adjuntados al expediente, la **carta de interpelación** fue dirigida al señor Bernier con fecha de 16 de mayo de 2023, y notificada a la misma dirección: **PO Box 10007 Suite 334, Guayama, PR 00784**. Ello se hizo por correo certificado, con acuse de recibo; surge de la certificación del servicio postal, que la carta fue entregada el 26 de mayo de 2023, fue reclamada y firmada por su receptor. *Íd.*, a las págs. 11-13.

[5] *Íd.*, a la pág. 32.

[6] *Íd.*, a las págs. 33-37.

[7] El Tribunal de Primera Instancia citó y discutió la opinión del Tribunal Supremo de los EE.UU. en *Jones v. Flowers*, 547 US 220 (2006). En esta, el tribunal federal resolvió que en aquellos casos en que se envíe una notificación de embargo y venta de una vivienda, y esta es devuelta sin ser reclamada (*unclaimed*), el Estado debía tomar pasos adicionales para notificar a la persona la venta de su propiedad. Ello, cuando fuere posible y razonable.

[8] *Íd.*, a las págs. 38-43.

deudor, por escrito y correo certificado con acuse de recibo, el pago de lo adeudado, y no así que este recibiera la misma. *Véase*, 10 LPRA sec. 981p. Además, adujo que había cumplido con el precitado requisito en la medida en que cursó la carta de interpelación mediante correo certificado con acuse a la última dirección conocida de la parte demandada. Sin embargo, el 29 de septiembre de 2023, el Tribunal de Primera Instancia declaró sin lugar la moción de reconsideración[9].

Inconforme, el 30 de octubre de 2023, Island Portfolio instó este recurso, en el que señaló y discutió el siguiente error:

> Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso debido a que el aviso de cobro -cursado a la última dirección conocida de la demandada-apelada- fue marcado como *"Delivered, PO Box"*, cuando la Ley de Agencias de Cobro y su Reglamento, así como las determinaciones del Foro Apelativo han determinado que una agencia de cobro debe cursar a la última dirección conocida de un deudor una carta de interpelación, sin que sea requisito *sine qua non* que éste la reciba.

(Énfasis omitido).

Mediante *Resolución* del 1 de noviembre de 2023, otorgamos a la parte apelada hasta el 29 de noviembre de 2023, para que presentara su posición. Vencido el referido término, atendemos el presente recurso sin el beneficio de su comparecencia.

II

La Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, dispone para la presentación de un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, sin incluir los intereses, y en el que no se solicite tramitar el caso conforme el procedimiento ordinario. En específico, establece, entre otras cosas, que para incoar un pleito de cobro de dinero al amparo del procedimiento sumario de la Regla 60, "la parte demandante debe[rá] conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario".

---

[9] *Véase*, apéndice del recurso, a la pág. 44.

El propósito primordial de la Regla 60 es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación." *Asoc. Res. Colinas Metro v. S.L.G.*, 156 DPR 88, 97 (2002).

Cónsono con lo anterior, y a los fines de proteger a los deudores y evitar, en todo lo posible, el daño a terceros por la mala práctica de los cobradores de cuentas se aprobó la Ley Núm. 143 de 27 de junio de 1968, conocida como *Ley de Agencias de Cobros*, 10 LPRA sec. 981-981s. Entre sus disposiciones, se encuentra la prohibición a toda agencia de cobro de, entre otras:

> [r]adicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito.

10 LPRA sec. 981p(13).

Asimismo, el *Reglamento sobre Agencias de Cobros,* Reglamento Núm. 6451 del Departamento de Asuntos del Consumidor (DACO) de 2 de mayo de 2002, reitera dicha prohibición[10].

Por otra parte, la Ley de Agencias de Cobros establece que las disposiciones de dicha ley se interpretarán de forma compatible con las de la *Fair Debt Collection Practices Act,* 15 USC secs. 1692, y siguientes. 10 LPRA 981p-1. Al respecto, la Sección 1692g(a) de la *Fair Debt Collection Practices Act,* 15 USC sec. 1692g(a), detalla el contenido de la

---

[10] La Regla 16 del *Reglamento sobre Agencias de Cobros* prohíbe:

.        .        .        .        .        .        .        .

> 17. Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo, según se establece en la Regla 17 de este Reglamento. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito.

.        .        .        .        .        .        .        .

Regla 16(17) del Reglamento Núm. 6451, a la pág. 18.

comunicación que debe remitir la agencia de cobro al deudor para que pague lo adeudado[11].

En lo pertinente a la suficiencia en el envío de la comunicación, *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1201 (1999), estableció que la *Fair Debt Collection Practices Act* "**requires only that notice be 'sent' by a debt collector, and debt collector need not also establish actual receipt by the debtor**". (Énfasis nuestro). Del mismo modo, *Antoine v. J.P. Morgan Chase Bank*, D.D.C. 2010, 757 F. Supp.2d 19, resolvió que el "[d]ebt collector complied with disclosure requirements of Fair Debt Collection Practices Act (FDCPA) in mailing compliant notice to debtor; despite debtor's contention that he did not receive notice, under FDCPA, **it was irrelevant whether debtor actually received the notice**". (Énfasis nuestro).

### III

En síntesis, la parte apelante aduce que el Tribunal de Primera Instancia incidió al declararse sin jurisdicción y desestimar la causa de acción sin perjuicio. Reitera que el Art. 17 la Ley Núm. 143-1968, 10 LPRA sec. 981p, solo exige que, previo a instar una acción judicial, se requiera por escrito al deudor para que pague lo adeudado; ello, por correo

---

[11] En específico, la Sección 1692g(a) de la *Fair Debt Collection Practices Act* dispone:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
> .       .       .       .       .       .       .       .

15 USC sec. 1692g(a).

certificado con acuse de recibo; no así, que se demuestre que este recibió el comunicado.

Según discutimos, un tribunal no podrá asumir jurisdicción en una acción de cobro de dinero, al amparo de la Regla 60 de las de Procedimiento Civil, sin que la agencia de cobro alegue y pruebe que, previo a incoar la demanda, requirió al deudor, por escrito y mediante correo certificado, que pagara lo adeudado. Por otro lado, sobre la suficiencia del aviso de cobro al deudor, la jurisprudencia federal que ha interpretado la Sección 1692(g) de la *Fair Debt Collection Practices Act* ha sido clara al señalar que es irrelevante si el deudor recibe el aviso de cobro; la agencia de cobro únicamente tiene que acreditar el envío de la comunicación a la dirección conocida del deudor, no que este la haya recibido.

Del expediente ante nuestra consideración surge que, como parte de sus alegaciones en la demanda, Island Portfolio alegó afirmativamente la interpelación previa al señor Bernier[12]. Además, adjuntó copia del aviso de cobro que se le cursó al señor Bernier a su última dirección conocida[13]. Ahora, si bien no surge que este la haya recibido propiamente, no nos cabe duda alguna de que la interpelación previa al deudor señor Bernier cumplió con todos los requisitos exigidos por ley y reglamento.

IV

Por los fundamentos antes expuestos, revocamos la *Sentencia* emitida el 12 de septiembre de 2023, notificada el 13 de septiembre de 2023, por el Tribunal de Primera Instancia. Así pues, devolvemos el caso al foro primario para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Notifíquese.

---

[12] *Véase*, apéndice del recurso, a la pág. 1.

[13] *Íd.*, a la pág. 11. Precisa apuntar que todas las comunicaciones dirigidas al apelado fueron notificadas a la misma dirección; a decir: P.O. Box 10007 Suite 334, Guayama PR 00784.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones