Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO y CRÉDITO SAULO D. RODRÍGUEZ (GURACOOP)<br>Apelante<br><br>v.<br><br>RAFAEL DAVID BOU AQUINO<br>Apelado | KLAN202401107 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. CG2024CV00763<br><br>Sobre:<br>Cobro de Dinero Ordinario |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2025.

Comparece la Cooperativa de Ahorro y Crédito Saulo D. Rodríguez (GURACOOP o parte apelante), mediante recurso de *Apelación*, solicitando que revoquemos la *Sentencia* emitida el 7 de marzo de 2024[1] por el Tribunal de Primera Instancia, Sala de Caguas, (TPI). Mediante dicho dictamen, el foro primario desestimó la *Demanda* sobre cobro de dinero presentada por GURACOOP, en contra del señor Rafael David Bou (señor Bou Aquino o parte apelada). Relacionado al mismo asunto, también solicita nuestra intervención respecto a una *Resolución* emitida por el tribunal *a quo*, de 7 de noviembre de 2024, denegando una *moción de reconsideración.*

La controversia central planteada en el recurso ante nuestra consideración había sido previamente examinada por este foro intermedio,

---

[1] Notificada el 11 de marzo de 2024.

NÚMERO IDENTIFICADOR

RES2024_____

pero no resuelta, por cuanto juzgamos que la presentación de un primer recurso de apelación instado por GURACOOP había sido prematura, según explicamos en el alfanumérico KLAN202400357. Sin embargo, esta vez sí tenemos jurisdicción para dilucidar los méritos de los señalamientos de error esgrimidos por GURACOOP, por lo que procederemos a dirimirlos.

## I. Resumen del tracto procesal[2]

El 6 de marzo de 2024, GURACOOP presentó una *Demanda* sobre cobro de dinero ordinario en contra del señor Rafael David Bou Aquino (señor Bou Aquino o parte apelada). Alegó que, el 1 de junio de 2017, el señor Bou Aquino suscribió un pagaré a su favor por $5,000.00, para un préstamo personal. Añadió, que el señor Bou Aquino suscribió un contrato al por menor a plazos de una tarjeta de crédito, por la cantidad de $1,000.00. Entonces aseveró que, a pesar de las obligaciones contraídas por el señor Bou Aquino con GURACOOP, el primero las incumplió, pues dejó de pagar las mensualidades vencidas. Juzgando GURACOOP que la deuda era líquida, vencida y exigible, y, luego de haber reclamado extrajudicialmente el pago de lo debido sin obtener respuesta del señor Bou Aquino, entonces instó la causa de acción descrita.

En la décima (10) alegación incluida en la referida *Demanda* GURACOOP plasmó lo que sigue: "Se solicita que la presente demanda **se tramite bajo el procedimiento ordinario de cobro de dinero**".[3] (Énfasis provisto, subrayado en el original).

Sin embargo, el 7 de marzo de 2024, el TPI emitió la *Sentencia* cuya revocación nos solicita GURACOOP, desestimando la referida *Demanda*. Como fundamento provisto para tal curso de acción el foro apelado explicitó lo que sigue: *Se desestima la Demanda presentada, **ya que la***

---

[2] En el aludido KLAN202400357 recogimos casi la totalidad del tracto procesal de este caso, de manera que reproduciremos aquí aquellas partes que resulten pertinentes, añadiendo cualquier incidencia relevante.

[3] Véase, Entrada #1 del Sistema Unificado de Manejo y Adiestramiento de Casos (SUMAC), Anejo VI del recurso de apelación.

**misma debe ser radicada conforme a la Regla 60 de Procedimiento Civil.**[4] (Énfasis provisto).

Inconforme, el 15 de marzo de 2024, GURACOOP presentó una *Moción en solicitud de reconsideración de Sentencia desestimando la demanda.* Arguyó que la propia Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R.60 citada por el TPI para desestimar la *Demanda,* era la que le permitía al *Demandante* en un caso de cobro de dinero en donde la cuantía no excedía de $15,000.00, elegir que su causa de acción fuera tramitada a través del procedimiento ordinario o el sumario. Entonces, conforme a lo dispuesto por la referida regla, GURACOOP había elegido el proceso ordinario sobre el sumario, y por ello incluyó una alegación expresa en su *Demanda,* la décima, indicándolo. Añadió GURACOOP, que el foro primario no debió desestimar la *Demanda* sin antes concederle una oportunidad para expresarse sobre el asunto.

Luego, el 9 de abril de 2024, GURACOOP presentó una *Moción reiterando solicitud de reconsideración de sentencia desestimando la demanda.*

Al próximo día, el 10 de abril de 2024, GURACOOP también instó ante el foro primario una *Moción informando el retiro de escritos presentados en los encasillados 4 y 5 del expediente judicial, para proceder con el trámite de apelación.* Explicó GURACOOP en dicha moción, que había solicitado retirar la *petición de reconsideración* que estaba pendiente de resolverse por el TPI, pues se disponía a presentar un recurso de *apelación.*

En efecto, en la misma fecha en que GURACOOP solicitó mediante moción al TPI que le permitiera retirar la *Moción de reconsideración,* acudió ante nosotros mediante recurso de *apelación.*

---

[4] Véase, Entrada #1 de SUMAC.

No obstante, según adelantamos en la introducción, el 24 de mayo de 2024, este foro apelativo intermedio emitió una *Sentencia,* KLAN202400357, desestimando dicho recurso de apelación, por haber sido presentado de manera prematura. En la parte dispositiva de la referida *Sentencia,* este Tribunal de Apelaciones dispuso, en lo que concierne, lo que sigue: "[a] tenor, se devuelve el caso al TPI **para que atienda la Moción reiterando solicitud de reconsideración de sentencia desestimando la demanda**".[5] (Énfasis provisto).

En consecuencia, el 4 de septiembre de 2024, GURACOOP presentó una moción ante el TPI, para que dispusiera de la *Moción reiterando solicitud de reconsideración de sentencia desestimando la demanda.*

En respuesta, el 27 de septiembre de 2024, el TPI emitió una *Orden* disponiendo lo que sigue: "[h]abiendo sido retiradas las solicitudes de reconsideración nada que disponer".[6]

Con todo, el 14 de octubre de 2024, GURACOOP presentó otro escrito ante el foro apelado, intitulado *Moción en Reconsideración de Orden reiterando nuestra solicitud de que se disponga Moción de Reconsideración, según ordenado por el Tribunal de Apelaciones.*

Evaluada esta última moción, el 16 de octubre de 2024, el TPI emitió otra *Orden* dictaminando lo siguiente: "No Ha Lugar a la Moción de Reconsideración".[7]

Es así como GURACOOP acude nuevamente ante nosotros, mediante recurso de *apelación,* señalando la comisión de los siguientes errores:

Primer Error: Erró el Tribunal de Primera Instancia al no obedecer la disposición expresa del Tribunal Apelativo de atender en sus méritos la Moción de Reconsideración del 15 de marzo de 2024.

---

[5] Anejo XIII del recurso de *apelación.*
[6] Anejo XV del recurso de apelación.
[7] Anejo XVII del recurso de apelación.

Segundo Error: Erró el TPI al no aceptar la voluntad de la parte demandante, según lo provee y faculta la Regla 60 de Procedimiento Civil de presentar la reclamación de cobro de dinero mediante el procedimiento ordinario.

Mediante *Resolución* de 16 de diciembre de 2024, le concedimos un término de treinta (30) días a la parte apelada para exponer su posición, sin embargo, nunca compareció. Por tanto, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolverlo sin mayor dilación.

## II. Exposición de Derecho

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R.60, (Regla 60), fue creada con el propósito de agilizar y simplificar los procedimientos en reclamaciones por cuantías pequeñas, para facilitar el acceso a los tribunales y lograr una solución rápida, justa y económica. *Cooperativa v. Hernández Hernández,* 205 DPR 624, 631 (2020); *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 97 (2002). Así, bajo dicha regla se provee un procedimiento sumario para la adjudicación de reclamaciones de menor cuantía, es decir, de sumas líquidas y exigibles que monten a la cantidad de $15,000.00 o menos. Ver, R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, p. 563.

En su primer párrafo, la regla bajo discusión establece lo que sigue:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, **y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario**, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado. (Énfasis y subrayado provistos). 32 LPRA Ap. V, R.60.

Sobre la porción de la regla enfatizada en la cita que precede se ha advertido que, "… siempre se debe tener presente **que el demandante puede escoger el proceso ordinario**". (Énfasis provisto). R. Hernández Colón, *supra.* En la misma tónica se ha manifestado que el procedimiento establecido bajo la Regla 60, "aplica cuando se presenten demandas de menos de \$15,000.00, **a menos que en la referida alegación de demanda se solicite litigar el caso conforme con el procedimiento ordinario**". (Énfasis provisto). J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 3ra ed. rev., Ponce, 2023, p. 482.

En *Cooperativa v. Hernández Hernández,* supra*,* a la pág. 634, se indicó que *cuando la suma adeudada no excede de los \$15,000.00 **y, al presentar la demanda, no se solicite que el pleito se ventile por el procedimiento ordinario***, la responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante.* (Énfasis provisto).

En la misma Opinión citada, nuestro Tribunal Supremo advirtió que, ***antes de desestimar una demanda basada en la Regla 60, supra, hay que considerar su conversión al procedimiento ordinario. El foro primario está obligado a hacer dicha consideración***. (Énfasis provisto). *Cooperativa v. Hernández Hernández,* supra*,* a la pág. 628**.** Añadió ese alto Foro que, ***la redacción de la Regla 60, supra, se inclina hacia la conversión ordinaria del procedimiento y no a la desestimación.*** (Énfasis provisto). *Íd.* Más aún, la desestimación en un procedimiento de Regla 60, *supra, contraviene y hace impráctico el principio cardinal de solución justa, rápida y económica de las controversias y lesiona el debido proceso de ley y el acceso al foro judicial. Cooperativa v. Hernández Hernández,* supra, a la pág. 639.

**III. Aplicación del Derecho a los hechos**

Como quedará visto, juzgamos que los dos señalamientos de error alzados son de fácil disposición, y nos disponemos a discutirlos en el orden sugerido en el recurso de apelación

a.

A través de su primer señalamiento de error la parte apelante asevera que el TPI no obedeció la parte dispositiva de la *Sentencia* que emitimos el 24 de mayo de 2024, KLAN202400357. Interpretó GURACOOP que la referida parte dispositiva de la Sentencia obligaba al TPI a resolver los asuntos planteados en su *Moción de reconsideración* en los méritos. Yerra por partida doble al así afirmar.

Tal cual ya resaltamos en el recuento procesal, en la aludida parte dispositiva de la *Sentencia* bajo el alfanumérico KLAN202400357 este foro apelativo dispuso, *verbatim*: "[a] tenor, se devuelve el caso al TPI **para que atienda la Moción reiterando solicitud de reconsideración de sentencia desestimando la demanda**". (Énfasis y subrayado provistos). *Atender* la referida moción no suponía o precisaba que el foro apelado discutiera los méritos de esta, sino que dispusiera de este, lo cual bien podía hacerse mediante su mera denegatoria. Tal conclusión se impone al considerar la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 42.2, que en lo pertinente, dispone: "**[n]o** será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho: (a) al resolver mociones bajo las Reglas 10 [o] 36.1 y 36.2[,] o **al resolver cualquier otra moción**, a excepción de lo dispuesto en la Regla 39.2" [...]. (Énfasis provisto).

Es decir, por virtud de la citada regla procesal el Tribunal estaba facultado, como lo hizo, para disponer de la moción de reconsideración con un *No Ha Lugar,* sin necesidad de especificar hechos probados,

consignar el derecho aplicable, ni explicar su curso decisorio. El error no fue cometido.

b.

En el segundo error señalado, la parte apelante aduce que incidió el foro apelado al no aceptar su voluntad de instar la reclamación en cobro de dinero contra el señor Bou Aquino mediante el procedimiento ordinario, en lugar del sumario. Tiene razón.

Por una parte, juzgamos clara la redacción de la Regla 60 de Procedimiento Civil, *supra*, al reconocer facultad a la parte demandante para solicitar que el proceso sea llevado a cabo mediante el proceso ordinario, en lugar del sumario, si así expresamente ha sido plasmado en la Demanda. En este sentido, la Regla 60 dispone dos (2) requisitos para la tramitación de un pleito en cobro de dinero por la vía sumaria: 1) que la suma reclamada no exceda de quince mil dólares ($15,000) y; 2) que en la demanda **no** se solicite tramitar el caso mediante el procedimiento ordinario. *Ergo,* la regla citada expresamente concede la discreción a la parte demandante de solicitar que el caso se vea por la vía ordinaria, en lugar del proceso sumario especial, tal cual los tratadistas aludidos en nuestra exposición de derecho declaran, y recalca nuestro Tribunal Supremo.

Es decir, cuando la parte demandante presenta una acción por cobro de dinero por una cantidad que no exceda de quince mil dólares ($15,000), nuestro ordenamiento procesal civil le permite a esta escoger si el pleito se tramitará por el procedimiento ordinario, **cuando así lo solicite en la demanda presentada**. *Cooperativa v. Hernández Hernández, supra,* a la pág. 635.

Pero no solo la Regla 60 es clara al conceder la potestad a la parte demandante para escoger la vía ordinaria, de así indicarlo en la demanda, sino que nuestro Tribunal Supremo también ha resaltado que; ***antes de***

*desestimar una demanda basada en la Regla 60, supra, hay que considerar su conversión al procedimiento ordinario. El foro primario está obligado a hacer dicha consideración,* y la desestimación en un procedimiento de Regla 60, *supra, contraviene y hace impráctico el principio cardinal de solución justa, rápida y económica de las controversias y lesiona el debido proceso de ley y el acceso al foro judicial. Cooperativa v. Hernández Hernández,* supra, a la pág. 639.

En el caso ante nuestra consideración no hay duda de que GURACOOP peticionó expresamente en la *Demanda* instada contra la parte apelada lo siguiente: "[s]e solicita que la presente demanda **se tramite bajo el procedimiento ordinario de cobro de dinero**".[8] (Énfasis nuestro, subrayado en el original). Por tanto, a tenor con la Regla 60, según discutida, el TPI debió acceder a que el trámite de dicha reclamación en cobro de dinero transcurriera a través de la vía ordinaria, en lugar del proceso sumario. Manifestada adecuadamente la solicitud del demandante de que el proceso fuera por la vía ordinaria, el TPI no tenía la prerrogativa de desestimar la acción instada bajo el fundamento de que debía radicarse conforme con el procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, *supra,* lo que constituyó una acción derogativa de la discrecionalidad reconocida al demandante para solicitar el trámite ordinario de su causa prevista en la Regla 60.

Aunque lo anterior dispone de la controversia, cabe puntualizar que, de todas maneras, el TPI estaba llamado a considerar otras vías antes que la desestimación de la causa de acción presentada, según en ello enfatizó nuestro Tribunal Supremo en *Cooperativa v. Hernández Hernández,* supra.

---

[8] Véase, Entrada #1 de SUMAC.

En definitiva, incidió el foro apelado al desestimar la demanda instada por la parte apelante, debió referir el asunto para la continuación de los procesos mediante el procedimiento ordinario.

**IV. Parte dispositiva**

Por los fundamentos antes expresados, los que hacemos formar parte de este dictamen, se *Revoca* la *Sentencia* apelada. A tenor con lo explicado, se ordena la devolución del asunto al foro apelado para que se continúe el procedimiento, según con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones