Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ASOCIACIÓN SANTA TERESITA – PARK BOULEVARD #334, INC.<br><br>Apelada<br><br>v.<br><br>RGR, INC.<br><br>Apelante | KLAN202500077 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2024CV07149<br><br>Sobre: Cobro de Dinero – Regla 60 |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 25 de marzo de 2025.

El 3 de febrero del año en curso, RGR, Inc., (en adelante, RGR o parte apelante) sometió ante este Tribunal de Apelaciones un *Recurso de Apelación* en el que nos solicita la revocación de la *Sentencia* emitida el 20 de noviembre de 2024. Mediante el aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI), declaró Con Lugar la *Demanda* instada en el caso de autos contra la apelante.[1]

Frente a este dictamen, RGR sometió oportunamente una *Moción de Reconsideracion y Aclaración de Sentencia Emitida el 20 de noviembre de 2024 (Entrada SUMAC #44)*. La misma, fue declarada No Ha Lugar por virtud de la *Resolución Interlocutoria* dictada por el TPI el 2 de enero de 2025, notificada el día 3.

---

[1] En consecuencia, le ordenó al "pago de las cuotas de mantenimiento que se hayan acumulado durante los seis (6) meses anteriores al momento en que la parte demandada adquirió la Propiedad el 18 de noviembre de 2022 hasta el presente, conforme al Artículo 3.012 del Código Municipal; la cual totaliza $4,101.44 al 1 de julio de 2024, más las cuotas que venzan a partir de esa fecha sin su pago, con los correspondientes intereses y penalidades aplicados, y honorarios de abogado pactados al 20%."

Número Identificador

SEN2025 _____

Evaluados los planteamientos sometidos ante nuestra consideración y revisados los documentos que conforman el Apéndice del Recurso, resolvemos **confirmar** el dictamen apelado.

**-I-**

El 31 de julio de 2024, la Asociación Santa Teresita Park Boulevard #334, Inc. (en adelante, la Asociación o la parte apelada) sometió al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, una reclamación en cobro de dinero contra RGR. En síntesis, alegó que 18 de noviembre de 2022, la parte apelante adquirió en dación en pago una propiedad inmueble situada en la Calle General Del Valle 2207 en la Urbanización Santa Teresita-Park Boulevard en San Juan, Puerto Rico. Asimismo, afirmó que, en virtud de las disposiciones allí citadas y como dueña de la propiedad, la parte apelante era responsable del pago de cuotas de mantenimiento, más no ha cumplido con tal responsabilidad. Como consecuencia de ello, la Asociación alegó que la RGR le adeudaba en concepto de cuotas de mantenimiento la cantidad de $7,753.52 y $998.46 por concepto de pago de una derrama.

El 17 de septiembre de 2024, RGR presentó *Solicitud de Desestimación y/o Solicitud de Conversión a Procedimiento Ordinario*. Allí, reclamó que el control de acceso establecido por la parte apelada fue ilegal, razón por la cual no se adeudaba dinero alguno y debía desestimarse la demanda. En cuanto a la ilegalidad que señaló, la parte apelante relató que la Resolución número 161 emitida por el Municipio de San Juan en la que se aprobó el control de acceso fue impugnada por un vecino. También, indicó que, como resultado de tal impugnación, al atender un recurso apelativo, este Tribunal de Apelaciones resolvió que la aludida resolución era inválida, pues consideró el voto de un grupo de personas que no debió reconocer. Habida cuenta de ello, y de que dicho dictamen no había sido enmendado conforme a derecho, RGR reclamó que la revocación decretada advino final y firme y,

por consiguiente, todo proceso ulterior realizado por la Asociación en cuanto al control de acceso no tiene vida legal. Afirmativamente, además, reclamó que la cantidad reclamada era una excesiva, pues en el peor de los casos, le corresponde responder solamente las cuotas adeudadas desde que adquirió el bien inmueble, y hasta 6 meses de atrasos de su dueño anterior. Por último, RGR planteó que las alegaciones contenidas en su escrito demostraban la necesidad de celebrar un descubrimiento de prueba que le permita conocer "[qué] procedimientos siguieron y [cuáles] no, para conseguir la llamada "confirmación" sin haber cumplido con todos los demás elementos necesarios para obtener lo que es una nueva resolución autorizando el cierre." Por todo esto, solicitó la conversión del procedimiento a uno de naturaleza ordinaria.

Ese mismo día, el TPI dictó una *Orden* en la que estableció que la petición de la apelante sería atendida durante la audiencia pautada en el caso para el 18 de septiembre. Según la *Minuta* levantada, el tribunal escuchó los argumentos de la apelante en defensa de la conversión del caso a uno ordinario y, luego de ello, la denegó. Así, señaló el Juicio en su Fondo para el 26 de septiembre de 2024. Llegado ese día, surgieron varias controversias que ocasionaron que el Juicio fuera reseñalado para el 18 de noviembre de 2024. El TPI se sostuvo en que el procedimiento continuaría bajo el trámite sumaria de la Regla 60.

El 7 de noviembre de 2024, la Asociación solicitó del TPI una orden protectora. Ello así, pues pese a las determinaciones efectuadas por el tribunal en cuanto a que el pleito continuaba siendo uno sumario, la apelante le notificó sendos avisos de deposición para que los testigos citados declararan sobre, "Todo lo relacionado con los procedimientos administrativos y judiciales que concluyeron con la otorgación del permiso de acceso controlado para autorizar a la demandante a establecer y operar un acceso controlado a la urbanización Santa Teresita y Park Boulevard."

La apelante, sometió *Oposición a Moción Solicitando Orden Protectora Para Que Se Deje Sin Efecto el Aviso de Deposición y/o Citación y Requerimiento de Producción de Documentos Para El Juicio.* En síntesis, alegó que las reglas permiten una citación para producir documentos para el juicio. Conforme a ello, solicitó que el TPI emitiera una orden para que la Asociación compareciera a la vista señalada acompañada de los documentos solicitados para la deposición que objetaba, en particular:

> Todo lo relacionado con los procedimientos administrativos y judiciales que concluyeron con la otorgación del permiso de acceso controlado para autorizar a la demandante a establecer y operar un acceso controlado a la urbanización Santa Teresita y Park Boulevard.
>
> En particular y por separado deberá incluir las convocatorias para todas las secciones y/o conteo de votos celebrados incluyendo fechas, listados de las personas convocadas, hojas de asistencia a las reuniones y hojas de conteos de votos.
>
> Deberá traer también los expedientes de todos los casos judiciales relacionados con el control de acceso por virtud del cual se presentó la demanda de epígrafe. En particular y por separado todos los casos y procedimientos relacionados que terminaron con la declaración de que el conteo de votos fue mal ejecutado y la prohibición del cierre hasta tanto se llevara a cabo un nuevo conteo de votos.

El 12 de noviembre de 2024, el TPI dictó la siguiente *Resolución Interlocutoria*:

> Toda vez que el presente caso se encuentra bajo el trámite sumario de la Regla 60 de las de Procedimiento Civil, el mecanismo de toma de deposición es incompatible con dicho procedimiento. "[E]n el procedimiento sumario de la Regla 60 se prescinde de la contestación a la demanda y del descubrimiento de prueba." (Véase *Asoc. Res. Colinas Metro. v. S.L.G.* 156 DPR 88). Por lo anteriormente esbozado, se declara Ha lugar MOCIÓN SOLICITANDO ORDEN PROTECTORA PARA QUE SE DEJE SIN EFECTO EL AVISO DE DEPOSICIÓN [26].[2]

Así las cosas, el 18 de noviembre de 2024, notificada el día 20, se celebró el Juicio en su Fondo. Luego de evaluar la prueba testifical y documental sometida en el caso por las partes, el TPI dictó la sentencia apelada. Al así hacer, basándose en la evidencia, formuló las siguientes determinaciones de hechos:

---

[2] Frente a dicho dictamen RGR interpuso *Moción de Reconsideración*. Esta fue declarada No Ha Lugar.

1. La parte demandante, Asociación Santa Teresita-Park Boulevard #334, Inc., es una corporación sin fines de lucro, conforme a las leyes del Estado Libre Asociado de Puerto Rico.

2. La parte demandada, RGR, Inc. ("RGR" o "Demandada") es una corporación la cual es dueña de una propiedad localizada en el núm. 2207 de la calle General del Valle situada en la urbanización Santa TeresitaPark Boulevard en el municipio de San Juan (la "Propiedad").

3. Alberto José Giménez Cruz ("señor Giménez Cruz") ha fungido como administrador de la Demandante desde marzo del 2020.

4. El señor Giménez Cruz, como administrador, realiza gestiones de cobro, llevar la contabilidad, finanzas, mantenimiento de las áreas comunes, control de acceso y seguridad para la Demandante.

5. Del Exhibit núm. 1 de la parte demandante, surge que la Propiedad tiene una deuda acumulada desde el 1 de julio de 2020 hasta el 1 de julio de 2024, por concepto de cuotas de mantenimiento ascendiente a $7,753.52 y $988.46 por concepto de una derrama facturada el 24 de abril de 2024.

6. Del Exhibit 1 de la parte demandante surge que, al 18 de abril de 2022, se habían acumulado por concepto de cuotas de mantenimiento para el Control del Tráfico de Vehículos de Motor en la urbanización Santa Teresita-Park Boulevard con relación a la Propiedad, la cuantía de $3,652.08.

7. Del testimonio del señor Giménez Cruz surge que la Demandada debe alrededor de $11,000.00 producto del pago de mantenimiento mensual adeudado, intereses y cargos por demora, incluyendo honorarios de abogado al 20% de la deuda establecidos en los estatutos de la Demandante.

8. La Propiedad fue adquirida por RGR en noviembre del 2022 mediante una dación en pago otorgada para finiquitar una deuda que tenía el dueño anterior de la Propiedad, Rafael Díaz Vélez ("señor Díaz Vélez").

9. Del testimonio del señor Díaz Vélez y del Exhibit núm. 4 de la parte demandante, surge que el señor Díaz Vélez dio su anuencia para que la Demandante obtuviera el permiso para el control de acceso de vehículos.

10. El señor Díaz Vélez indicó que nunca ha pagado cuotas de mantenimiento en relación con la Propiedad.

11. El señor Díaz Vélez indicó que recibía los estados de cuenta relacionados con la Propiedad, mediante correo electrónico.

12. El señor Díaz Vélez indicó que recibió la reclamación de pago mediante carta de cobro.

13. El señor Díaz Vélez indicó que en algún momento pudo haber enviado el estado de cuenta mediante correo electrónico a alguna persona que trabaja en RGR.

14. Del testimonio del señor Díaz Vélez y el Exhibit núm. 3 de la parte demandante, surge que RGR había comprado el pagaré hipotecario al banco predecesor poseedor de ese pagaré.

15. Por razón de que el señor Díaz Vélez no podía hacer los pagos correspondientes al pagaré ahora en posesión de RGR, se lleva a cabo el negocio jurídico de dación en pago de la deuda objeto del pagaré hipotecario.

En base a tales determinaciones y a lo que encontró probado, el TPI declaró Ha Lugar la Demanda, ordenándole a RGR al pago de las cuotas de mantenimiento que se hayan acumulado durante los seis (6) meses anteriores al momento en que la parte demandada adquirió la Propiedad el 18 de noviembre de 2022, hasta el presente, conforme al Artículo 3.012 del Código Municipal; la cual totaliza $4,101.44 al 1 de julio de 2024, más las cuotas que venzan a partir de esa fecha sin su pago, con los correspondientes intereses y penalidades aplicados, y honorarios de abogado pactados al 20%.

La Asociación solicitó reconsideración y aclaración de la sentencia en la que peticionó al TPI a enmendar su Sentencia del 20 de noviembre de 2024 a la cantidad de $4,821.54, la cual incluye cuotas de mantenimiento, intereses, y penalidades acumulados 6 meses anteriores al momento en que la parte demandada adquirió la propiedad el 18 de noviembre de 2022 hasta el presente. Esta fue declarada No Ha Lugar mediante *Resolución Interlocutoria* del 2 de enero de 2025, notificada el día 3.

Por su parte, y por estar inconforme con lo resuelto, RGR instó el recurso de epígrafe y señaló la comisión de los siguientes 5 errores:

Primer Error: Erró el Honorable Tribunal de Primera Instancia al considerar cualquier solicitud de imposición de cuotas, derramas, penalidades, intereses u honorarios de abogado con relación a un control de acceso declarado inválido "Ab initio", por sentencia final firme e inapelable, por haberse logrado mediante un conteo ilegal de los votos.

Segundo Error: Erró el Honorable Tribunal de Primera Instancia, al retener el caso y dictar sentencia cuando lo que procedía era referir el caso al procedimiento ordinario.

Tercer Error: Erró el Honorable Tribunal de Primera Instancia al atribuir una deuda a RGR cuando la Asociación no presentó evidencia admisible o confiable de la cuantía supuestamente adeudada ni de las bases contractuales para imponer cuotas, particularmente porque tenía en su poder la mejor evidencia y optó por no presentarla.

Cuarto Error: Erró el Honorable Tribunal de Primera Instancia al considerar partidas a ser impuestas a RGR las cuales no fueron justificadas por Resolución Corporativa, testimonio o evidencia alguna que lo justifique.

Quinto error: Erró el Honorable Tribunal de Primera Instancia al no reconocer que la deuda atribuida a Don Raúl Díaz está prescrita.

Atendido el recurso, el 5 de febrero del año en curso emitimos *Resolución* en la que ordenamos a la parte apelada a comparecer dentro del plazo establecido en nuestro Reglamento para así hacer. En cumplimiento con lo ordenado, el 5 de marzo de 20925, sometió *Alegato de Oposición a Recurso de Apelación*.

-II-

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, regula lo concerniente a las reclamaciones en cobro de dinero de $15,000.00 o menos. El propósito de la citada regla es simplificar los procedimientos en causas de menor cuantía y así facilitar el acceso al proceso judicial al litigante pobre.[3] Esta, lee como a continuación se transcribe:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.
>
> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.
>
> La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le

---

[3] Primera Cooperativa de Ahorro v. Hernández Hernández, 205 DPR 624 (2020) al mencionar a Asoc. Res. Colinas Metro v. SLG, 156 DPR 88 (2002).

debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

En lo concerniente a las controversias que debemos atender, es importante denotar que, si la parte demandante no solicita que el pleito se ventile por el procedimiento ordinario, esta tendrá la responsabilidad de someter y diligenciar la correspondiente notificación-citación. Este documento, tiene la función dual de notificar al demandado sobre la reclamación en cobro de dinero presentada en su contra y citarlo para la vista en su fondo. Si el demandado comparece a la vista, este tiene derecho a refutar tanto el derecho al cobro de dinero como cualquier otra cuestión litigiosa. *Íd.*

Conforme reconoce la discutida regla, cualquiera de las partes tiene el derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito. El tribunal, podrá también *motu proprio* ordenarlo. Primera Cooperativa de Ahorro v. Hernández Hernández, *supra*, al mencionar la Regla 60 de Procedimiento Civil, *supra.* No obstante, el reconocimiento de este derecho no implica la concesión automática de la conversión, sino que el tribunal deberá sopesar los méritos de la solicitud.

Un litigio al amparo de la Regla 60 debe o puede convertirse al procedimiento ordinario: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes solicitan que el pleito se continúe ventilándose por el trámite civil ordinario; (3) cuando al amparo del mismo interés, el tribunal *motu proprio* así lo

ordena, y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor. Igualmente, si fuera necesario emplazar por edicto, deberá ventilarse el caso por el trámite ordinario. *Íd*, al citar al Prof. José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1804.

*B.*

El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judicial". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) citando a In re Collazo I, 159 DPR 141, 150 (2003).

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de discreción. *Íd.*, al citar a VS PR, LLC v. Drift/Wind, Inc., 207 DPR 253, 273 (2021) y otros. Un tribunal abusa de su discreción "[c]uando no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o cuando, […] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[4]

**-III-**

Con el fin de impugnar la sentencia apelada, RGR cuestiona la autoridad legal de la Asociación para cobrar las cuotas sobre el control de acceso que reclamó en su *Demanda*; específicamente, la existencia de una deuda real en concepto de cuotas por control de acceso. Para comenzar, y con tal propósito, destaca que el procedimiento mediante el cual se

---

[4] *Íd.*, al mencionar a 51.

implementó el control de acceso fue invalidado por este Tribunal de Apelaciones en el caso Firty v. Mun. de San Juan, KLAN200401080, decisión que hoy día es final, firme e inapelable. A su vez, plantea que la sentencia emitida en su día en dicho caso fue objeto de reconsideración. Añade entonces, que "[e]l Tribunal denegó la reconsideración y estableció con gran claridad que la Sentencia seguiría en vigor hasta que el Tribunal determinara lo contrario."; que este, "dio una oportunidad a la Asociación" y le ordenó que "celebrara una Asamblea para allí contar de nuevo los votos."; y que "[s]i tenía la mayoría necesaria podrían entonces mover para dejar sin efecto la Sentencia." Acto seguido, RGR niega que el procedimiento para poder dejarse sin efecto la sentencia se haya seguido, por lo que el dictamen invalidando el control de acceso es final y firme. Es basándose en ello, que rechaza la deuda que la Asociación le cobra.

Hemos evaluado el texto de la *Sentencia en Reconsideración* emitida por este Tribunal de Apelaciones en el recurso KLAN200701080. Habiéndole dado lectura en repetidas ocasiones, nos parece que los argumentos sometidos por RGR malinterpretan lo que efectivamente se resolvió en ese entonces. En dicha ocasión, tras atender las reconsideraciones que tanto la Asociación como el Municipio presentaron, este tribunal no le ordenó a la Asociación acto alguno como parece entender la apelante. En contrario, allí modificó la sentencia que había emitido a los fines de ordenarle al Municipio a celebrar una vista para que contabilizara nuevamente los endosos no condicionados y determinara si se alcanzaba el 75% requerido por ley para autorizar el control de acceso vehicular. Igualmente, decretó que el resultado de dicho ejercicio debía recogerse en una resolución que contuviera las advertencias sobre el derecho de las partes afectadas a solicitar revisión judicial. Además, hizo la salvedad que a los fines del resultado alcanzado no existía una autorización válida para implementar el control de acceso hasta que se cumpliera con lo ordenado.

El Municipio cumplió con lo ordenado en la *Sentencia en Reconsideración*. Así, y a tales efectos, el 11 de junio de 2018 emitió la Resolución Núm. 63 en la que confirmó la Resolución Núm. 161 mediante la que se autorizó el control de acceso vehicular. Esta nueva resolución advino final y firme. Si bien en su día se instó una acción judicial para impugnarla, tal petición fue desestimada por haber sido presentada fuera del término de caducidad establecido en ley para hacerlo. Caducado el plazo para impugnar la Resolución Núm. 63, la parte apelante no puede pretender refutar la legalidad del proceso llevado a cabo por el Municipio para negar la autoridad legal de la Asociación para instituir y cobrar cuotas de control de acceso. Por tanto, el primer error no fue cometido.

Igual conclusión alcanzamos frente a la discusión de la parte apelante en su segundo señalamiento de error. Allí, plantea que el TPI debió convertir el trámite del pleito a uno de naturaleza ordinaria que permitiera realizar un descubrimiento de prueba amplio. Esto, pues solo así podría convalidarse que la Asociación cumplió con el proceso ordenado en la sentencia del recurso número KLAN200701080. La finalidad de la Resolución Núm. 63 cierra las puertas al descubrimiento pretendido por la parte demandante bajo el cual plantea que debió convertirse el pleito a ordinario.

De otra parte, al discutir conjuntamente su tercer y cuarto error, RGR parece cuestionar el valor probatorio de la prueba desfilada por la Asociación para evidenciar el monto reclamado. Particularmente, el estado de cuenta sometido. Con este propósito, en su escrito somete los siguientes argumentos:

> Hay una razón más importante, de peso constitucional, para exigir la presentación de los documentos. Es que el debido procedimiento de ley tiene como base el derecho a la confrontación y examen de la prueba contraria, verbal y escrita, para poder cuestionar su validez, no solo en derecho, sino como hecho. Es decir, si el documento u objeto es, en efecto, lo que representa ser. Y luego de examinada procede el derecho de contrainterrogar y presentar prueba en

contrario. Nada de eso se pudo hacer porque no se produjeron los documentos.

La resolución corporativa que autoriza la imposición, cuantías y cobro de cuotas y otras imposiciones, nunca se produjo. Tampoco produjeron los documentos que evidenciaban los cómputos de la reclamación. Ni tan siquiera se presentaron libros de contabilidad o el expediente de la propiedad.

Para hacer esta falta más sospechosa, el testigo admitió que es el custodio de los documentos de la Asociación, que los tiene en su poder. Es decir que la mejor prueba, la más sólida y presumiblemente más favorable a la Asociación, solo requería sacarla de la gaveta y traerla al juicio. No se hizo. La asociación prefirió presentar la evidencia inferior.

[…]

**Por otra parte, el testimonio era intrínsicamente inaceptable. El testigo no pudo evidenciar con razonable precisión la cantidad de la deuda alegada. Ofreció solamente un estimado, aproximado, de su memoria, como única evidencia de la deuda. No segregó la deuda alegada entre varias partidas. Cuando describió el contenido de la supuesta resolución que autorizaba el cobro, solo señaló que permitiera cobrar $130 al mes por cuotas. No testificó que se hubiese establecido ninguna otra partida a ser cobrada. El testimonio no describió autorización para penalidades, intereses, derramas u honorarios de abogado. Mucho menos describió las cantidades a ser pagadas o como serían computadas.**

La evidencia descrita con relación a la obligación de pago y la cantidad a ser pagada, constituye una invitación al tribunal para que especule cuánto pudo o debió ser la cantidad a pagarse por RGR. […] **Aun si le damos toda la credibilidad al testimonio de quien dejó los documentos en su oficina, lo único concreto que testificó fue que la cuota, desde fecha incierta, es de $130 al mes. Ninguna otra partida fue autorizada.** Mucho menos cuantificada o el modo de cuantificar establecido. Ni siquiera se mencionó.

Como puede apreciarse, en sus planteamientos RGR cuestiona el valor probatorio de la prueba documental sometida durante el juicio. También, de las porciones destacadas se aprecia que la parte apelante ataca el ejercicio evaluativo efectuado por el TPI en cuanto a la prueba testifical presentada por la Asociación en dicha audiencia y la suficiencia de este para demostrar la autoridad para reclamar el cobro de cuotas, así como la cantidad de la deuda reclamada. Siendo ello así, para derrotar la deferencia que merece la apreciación de la prueba hecha por el TPI, RGR tenía la obligación de reproducir ante nos la prueba oral desfilada durante el juicio. Al final de cuentas, cuando se señalan errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, la naturaleza del derecho apelativo

requiere que este ubique al foro revisor en tiempo y espacio de lo ocurrido en el foro primario utilizando alguno de los mecanismos de reproducción de prueba oral, como: (1) transcripción de la prueba, (2) exposición estipulada o (3) exposición narrativa. Pueblo v. Pérez Delgado, 211 DPR 654 (2023) al citar las Reglas 19, 29 y 76 de nuestro Reglamento, 4 LPRA Ap. XXII-B. Sin embargo, así no lo hizo.

La ausencia de una reproducción de la prueba oral causa que la discusión que la parte apelante ofrece para atacar la sentencia dictada en el caso sea insuficiente en derecho para derrotar la deferencia que nos debe merecer. El valor probatorio que el juzgador de hechos le haya otorgado a la prueba documental y testifical no puede obviarse con meros argumentos o alegaciones. Siendo ello así, y por no habérsenos colocado en posición de intervenir con la apreciación de la prueba efectuada por el TPI, esta debe sostenerse. Así pues, no se cometió el tercer, ni el cuarto error señalado.

Similar conclusión nos vemos forzados a alcanzar en cuanto al quinto y último señalamiento de error de RGR. Los planteamientos que allí levanta para convencernos de que procedía aplicar la prescripción, descansan en lo que el Sr. Raúl Díaz y el testigo de la parte apelada declararon durante el juicio. Sin embargo, no nos colocó en posición de poder conocer las expresiones exactas vertidas por los distintos testigos durante el juicio. Por esta razón, estamos impedidos de ejercer nuestra función revisora de forma responsable. En consecuencia, el quinto y último error señalado, tampoco fue cometido.

**-IV-**

Por los fundamentos aquí esbozados, confirmamos la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones